## The Continental Improvement Company and another v. James Ives.

*Fencing railroads : Action for damages : Changes in the statute : Declaration.* In an action to recover damages arising from the neglect of a railroad company to fence its road, where the injuries complained of extended over a period within which there had been changes in the statute imposing the duty of fencing, as to the extent of liability for the neglect, but not such changes as affected the duty of maintaining fences, a declaration which made no specific reference to the statutes, is held good, in the absence of demurrer; there would be no practical difficulty in determining the admissibility of proofs by the laws in force at the time to which they refer.

*Fencing railroads : Liability : Taking possession.* The liability to maintain fences under such statutes attaches as soon as the company takes possession for purposes of construction.

*Fencing railroads : Action for damages : Finding of facts : Presumptions.* The objection to findings, in such an action, as to damages for injuries committed in certain years specified, on the ground that there were parts of those years in which there was no liability for the damages proved, is not sustained, where the record does not indicate that any evidence for those years was objected to, or that any attempt was made to obtain a more specific finding; errors are not to be presumed, but, on the contrary, the presumption is that the finding does not cover any period during which there was no liability.

*Joint judgments in tort : Errors as to one defendant only : Assignments of error.* An error concerning but one of two defendants in a joint judgment in tort, cannot be reached by a general assignment that the finding does not support the judgment; for if the judgment is good against either of the defendants, the error touching the other must be specifically pointed out.

*Fencing railroads : Action for damages : Finding of facts construed.* A finding that "the Grand Rapids & Indiana Railroad" is located on the land, and that "grading was commenced on said railroad in the month of June, 1868: that the said Grand Rapids & Indiana Railroad Company has never built or caused to be built, any fences," etc., considered in view of the universal custom of calling railroads by the name of the company laying out and building them, cannot be misunderstood; and the defect will not be held a fatal omission, upon the objection that it fails to declare specifically that the Grand Rapids & Indiana Railroad Company is a corporation owning and occupying the road in question, or coming within the railroad laws, where the sense is clear and the bill of exceptions furnishes conclusive proof by which it can be amended.

*Statute construed : Finding of facts.* As the statute reaches all corporations occupying railways built under the general laws, and as there are no other railways but those under special charters of which the courts must take notice, the finding of occupancy by the Continental Improvement Company as a corporation, brings it plainly within the law.

*Submitted on briefs October 23. Decided October 27.*

Error to Allegan Circuit.

*Hughes, O'Brien & Smiley,* for plaintiffs in error.

*Jacob V. Rogers,* for defendant in error.

CAMPBELL, J.

The questions in this case are not unlike those in the case of the same plaintiffs against William H. Southwick. —*Supra p. 444.* But the injuries being of a different character from the damage recovered for in that case, the changes made from time to time in the railroad laws become material. In that case there was no dispute but that there had always been a responsibility for the destruction of cattle and other animals; but it is claimed that for other damages this has not been so.

The court below held there was no liability under the law as it now stands for any damage which was shown to have happened in 1873, and confined the recovery to previous injuries.

The repealing clause of the railroad law of 1873 expressly saves all previous rights and liabilities (*L. 1873, p. 543–4*); but questions are raised upon the application of some of those laws. It is to be observed that the statutory duty of maintaining fences has never been changed. The only changes have been touching the extent of liability to respond in damages for the neglect. We see, therefore, no difficulty in sustaining the declaration as good without any specific reference to the statutes, so long as it has not been demurred to. There can be no practical difficulty in determining the admissibility of proofs by the laws in force at the time to which they refer, and the court below seems to have found none. Damages are given for injuries in 1868, 1870, 1871, and 1872.

As to 1868, it is claimed the finding of facts is deficient in not showing the liability to have attached at that time. The finding shows the company began grading there in June, 1868; and it was held in *Gardner v. Smith, 7 Mich. R., 410,* that the liability attached as soon as the company

took possession for purposes of construction. The finding is therefore correct on its face, and the evidence supports it.

It is claimed also that the findings for 1871 and 1872 cannot be maintained, because there were parts of both years in which there was no liability for the damages proved. But we find nothing in the bill of exceptions to indicate that any evidence for those years was objected to, and it must be presumed that the finding does not cover any period during which there was no liability. There seems to have been no attempt to obtain a more specific finding, and errors are not to be presumed. We have therefore no occasion to discuss the statutes to find whether the construction set up by plaintiffs is right or not.

It is also objected that the finding does not declare specifically that the Grand Rapids & Indiana Railroad Company is a corporation owning and occupying the road in question, or coming within the railroad laws, although it is found to be a corporation, and it is found also that it never built or maintained the fences required.

It might be sufficient to say that this being a joint judgment in tort, and this error, if it be an error, not concerning the other defendant, there is no assignment of error which covers it. It is set up under the general assignment that the finding does not support the judgment. If good against either defendant, the error touching the other should have been more specifically pointed out. But the finding on this point is that "the Grand Rapids & Indiana Railroad" is located on the land, and "that grading was commenced on *said railroad* in the month of June, 1868; that the *said Grand Rapids & Indiana Railroad Company* has never built or caused to be built any fences," etc. Inasmuch as the custom is universal to call railroads by the name of the company laying out and building them, we think such a statement cannot be misunderstood, and the defect should not be held a fatal omission when the sense is clear, and the bill of exceptions furnishes conclusive proof by which it can be amended.

As the statute reaches all corporations *occupying* railways built under the general laws, and as there are no other railways but those under special charters of which the courts must take notice, the finding of occupancy by the Continental Improvement Company, as a corporation, brings it plainly within the law.

The remaining questions are unimportant.

The judgment must be affirmed, with costs.

The other Justices concurred.