## Patrick H. McWilliams v. The Detroit Central Mills Company.

*Contributory negligence: Public street: Sidewalk: Passenger: Cars: Sudden starting.* A passenger along the sidewalk of a public street has a right to expect some warning before any sudden movement of a train of cars which had before been standing still; and where he is injured by the sudden backing of a standing train, without warning, across the walk along which he is passing, there would need to be very positive proof of negligence on his part to defeat his right of recovery.

McWILLIAMS *v.* DETROIT CENTRAL MILLS Co.

*Agency: Special franchises: Negligence: Liability of principal.* All persons rightfully using a track put down in a public street by a party under a license given by the city upon stringent conditions to prevent accident, and built for convenience of such party's business, and to be lawfully used for no other purpose, are to be deemed his agents, and he is liable for their conduct; the use of a special franchise, under the direction and for the purposes of its owner, can never be maintained, except as his act.

*Principal and agent: Corporations: Individuals.* The relation of principal and agent, or master and servant, may exist between a corporation and an employer, as well as between individuals.

*Railroad companies: Corporate business: Special service.* A railroad company, when backing its cars upon a private track laid by its owner by permission of the city across a public street, at the request and for the convenience of such owner, is not engaged in the performance of its own business under its charter, but is employed in a special and temporary service, differing in no legal sense from what might have been rendered by men or horses pushing or drawing cars for the same person on his own premises.

*Heard January 27. Decided January 29.*

Error to Superior Court of Detroit.

*Moore & Griffin* and *Hoyt Post,* for plaintiff in error.

*Walker & Kent,* for defendant in error.

CAMPBELL, J.

Plaintiff sued as administrator of Thomas Gumbleton, to recover damages for the death of Gumbleton, who was killed by cars backed upon defendant's premises on a track running therefrom to the central railroad lands opposite. The track in question crosses Woodbridge street, Detroit, at right angles, to defendant's mill on the north side of the street, crossing the sidewalk and running back close to a line fence, which leaves no room for any one to pass or stand between it and the cars when backing up. Gumbleton was going to his work along Woodbridge street, and, as nearly as it can be determined, was struck by the cars, which were suddenly backed up after standing still, and was crushed against the fence. The whole transaction seems to have occurred when it was somewhat dark, early on a winter morning, and no one noticed it, or saw the bodies of Gumbleton and a

companion killed at the same time, until more than an hour after, when the cars were moved.

The court below directed a verdict for the defendant, without assigning reasons, and the grounds alleged to support the ruling are: *first*, that there was contributory negligence; and, *second*, that the cars were run by the Michigan Central railroad and not by the defendant, who is claimed not to have been responsible for the neglect of the railroad.

We have found no evidence of negligence in Gumbleton. The testimony indicates that he was crossing while the cars were standing still, and that they were suddenly started by the locomotive pushing against them to back them up. A passenger along the sidewalk of a public street has a right to expect some warning before any sudden movement of this kind, and there should be very plain proof of negligence to bind him under such circumstances. The track was not a part of the business track of the Central railroad, and no regular trains ran there. Any use of this special track must have been subordinated to the rights of the general public. It does not stand on the same footing with an ordinary track. If there was any testimony from which a jury could infer negligence in Gumbleton,—which we have not discovered,—it was not such as to shut the case from the jury.

The railway track was built under a license given by the city of Detroit, upon somewhat stringent conditions to prevent accident, and no one but the defendant had any right to build or maintain it. It was built for defendant's business, and to be lawfully used for no purpose but to carry freight for the defendant.

Under these circumstances, all persons using the track for such purposes, used it as the agents of defendant, and defendant was liable for their conduct. The relation of principal and agent, or master and servant, may exist between a corporation and an employer, as well as between

individuals; and the use of a special franchise, under the direction and for the purposes of its owner, can never be maintained except as his act. This we have held repeatedly in regard to railroad tracks. It was so held in *Gardner v. Smith, 7 Mich. R., 410*, and in *Bay City & E. Sag. R. R. Co., v. Austin, 21 Mich., 390;* and the same principle was recognized in *Continental Improvement Co. v. Ives, 30 Mich., 448*, and *Grand Rapids & Indiana R. R. Co. v. Southwick, id., 444.*

The Central Railroad Company, when performing its service for defendant, was not engaged in the performance of its own business under its charter, but was employed in a special and temporary service, differing in no sense from what might have been rendered by men or horses in drawing or pushing cars for defendant on defendant's premises. It was in no sense an independent and separate business, and the only authority under which it was justified or exercised was the city ordinance which granted the privilege to defendant. The case is stronger than that of *Detroit v. Corey, 9 Mich., 165*, where there was an independent contractor for whose default the city was held liable, as not at liberty to cast off its own duty of guarding against peril. The defendant was clearly bound to see to the safe use of its own franchise.

The judgment must be reversed, with costs, and a new trial granted.

COOLEY, J., and GRAVES, CH. J., concurred.

CHRISTIANCY, J., did not sit in this case.