# Bell v. Ala. Midland Ry. Co.

*Damages for Negligently Setting Fire to Property.*

1. *Presumption of Negligence.*—Where property is destroyed by fire caused by sparks from a locomotive of the defendant, and the only evidence of negligence was that it was running through a city at a slightly greater rate of speed than that allowed by an ordinance of such city, there is no presumption of negligence. It cannot be judicially known that an engine running eight miles per hour is more likely to emit sparks and ignite property, than one running six miles per hour.

APPEAL from Pike Circuit Court.
Tried before Hon. J. R. TYSON.

The allegations of the complaint in this case are shown in the opinion. The evidence of the plaintiff was to the effect that the property of the plaintiff, which was situated near the line of the defendant's railway, was destroyed by fire on the morning of November 26th, 1893. The fire originated in a barn, filled with fodder, which barn had an opening in the side opposite the railroad. A strong wind was blowing towards the barn from the railroad. The fire was discovered a few minutes after the passing of a freight train on defendant's road. There was evidence tending to show that there was no fire in the barn before the train passed. An ordinance of the city of Troy, where the fire occurred, was introduced in

evidence, which ordinance prohibited the running of trains in that city at a greater rate of speed than six miles per hour. It was shown that the train passing the plaintiff's place just before the discovery of the fire, was running six or eight miles per hour.

It is unnecessary to set out the evidence of the defendant.

Judgment was for the defendant, from which the plaintiff appealed.

D. A. BAKER for appellant.

A. A. WILEY, *contra.*

Head, J.—The second plea of defendant, setting up that the property burned was insured and that the plaintiff had collected the insurance money, &c., was withdrawn, and all evidence in support thereof to which plaintiff had objected was excluded from the jury by the court. We will, therefore, not consider assignments of error upon that subject.

The negligence counted on, as causing the fire, and destruction of plaintiff's property, is the careless and negligent handling, running and operating defendant's locomotive engine, over and along its line of road, by defendant's servants, whereby fire was emitted from the engine and ignited and destroyed the property. It is not alleged that there was any defect or imperfection of any kind in any part of the engine or train. We have examined the evidence and are unable to find any, tending in the remotest degree, to show any act of negligence on the part of any servant engaged in operating the engine and train. Indeed, it is not pointed out in the somewhat extended written argument of appellant's counsel, wherein any servant is supposed to have been negligent in operating it; except it is said, that a city ordinance of Troy, in which city the injury occurred, prohibited the running of trains through the city at a greater rate of speed than six miles per hour, and that he was running, at the time of passing the property which was burned, on the morning of the fire, six or eight miles per hour. The whole argument, aside from this point, is, that the engine was defective, and that that question should have been submitted to the jury, which could not

[Alabama National Bank v. Mary Lee Coal & Railway Co. *et al.*]

be done under the complaint. If it be conceded, with the burden of proof on plaintiff to show the excessive speed, that the jury could legitimately conclude from this evidence of the conductor, that the speed was in excess of six miles per hour, there is no evidence whatever tending to show causal connection between the excess and the injury. It cannot be judicially known that an engine running eight miles per hour is more likely to emit sparks and ignite property than one running six miles per hour. It is a matter for proof, with the burden on the plaintiff. The general affirmative charge was therefore properly given for the defendant. There was no error in refusing to permit plaintiff to prove that fire blew across the town from where the buildings were burning and set fire to the pound pen west of the public square, and that the court house caught on fire, Indeed, the exception is not insisted on in argument. The other exceptions are manifestly without merit.

Affirmed.