# Southern Ry. Co. *v.* Gilmer, *et al.*

*Action against Railroad Company for Injury to Mules.*

1. *Damages; injury to live stock; measure of damages.*—Where live stock is injured by railroad train, and by means of treatment recovers, in a sense, from the injury inflicted, the measure of recoverable damages is the difference between the reasonable market value of the stock, upon the day of and before the injury, and what would be their reasonable market value on the same day in their restored condition after treatment, together with the reasonable cost and expense incurred in effecting a cure, and reasonable compensation for any loss in service or use by reason of such injury, from the time of the injury until the cure was effected; provided, the whole damages do not exceed the reasonable value of the property.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. JOHN MOORE.

The appellees brought suit against the appellant in the circuit court of Dallas county, Alabama, to recover $500, damages for the negligent killing or injury of appellees' two mules. The complaint contained four counts. Two counting on the negligence of appellant in operating its train, which resulted in the *killing* of appellees' two mules; the remaining counts were for the negligence

of appellant in the operation of its train resulting in the *injury* to said two mules. The case was tried on the plea of the general issue.

The plaintiffs' evidence tended to show that the mules were injured by being struck by defendant's freight train, on or about the first of January, 1903, near Marion Junction, in Dallas County, Alabama; that the track, at the place where the mules were struck, was straight for more than a mile in the direction from which the train was coming; that there were no obstructions to prevent those in charge of the train from seeing said mules for at least one mile before striking them; that the mules were on or near the track when the train was about a half mile from them, and that they ran down the track in front of the train for a quarter of a mile; that the train did not check its speed but rather increased it until it struck and injured said mules, which were, at the time that they were struck, on the side of and near the track, in a path. That said mules were the property of the plaintiffs, and were worth at Marion Junction, before they were injured, from $185.00 to $200.00 each. There was no evidence on the part of plaintiffs to show that they had ever parted with the title of said mules; or that they had expended anything in their cure; or that they were damaged by the loss of the service of said mules, from the time of the injury to the time that they were cured and put back to work. The defendant's testimony tended to show that said mules were worth, before their injury, not exceeding $140.00 each.

During the examination of a witness for the plaintiffs, —who testified that he lived at Marion Junction in the month of January, 1903, and had had experience in buying and selling mules at said place, and knew the value of mules at Marion Junction in the month of January, 1903, and that the market value of plaintiffs' two mules before they were injured was $185.00 each,—he was asked the following question: "What was the reasonable value of those mules at Marion Junction, immediately after they were injured?" The defendant objected to this question on the ground that it called for irrelevant, incompetent and immaterial evidence, and that it was not shown that the witness knew the market value

of the mules at Marion Junction on that day. The court cverruled the objection, and the defendant duly excepted. Against the objection and exception of the defendant, the plaintiff was permitted to ask, and have answered, similar questions as to the market value of the mules before and after the injury. The defendant offered to introduce testimony to show that the mules recovered from their injuries, or were cured in a few weeks, and were in good condition and put back to work; and that, after having been so cured, and before suit was brought, and before the case was tried, each was worth at Marion Junction $100.00. The plaintiffs objected to the introduction of this testimony upon the ground that it was illegal, incompetent, irrelevant and immaterial. The court sustained each of said objections; and to each of these rulings, the defendant separately excepted. There were verdict and judgment for the plaintiffs, assessing their damages at $406.00. The defendant appealed, and assigned as error the several rulings of the trial court upon the evidence to which exceptions were reserved.

PETTUS & JEFFRIES, for appellant.—The rule must be that plaintiffs, were only entitled to recover for the diminished market value of the animals after cure, so far as a cure was effected, and, in addition thereto, such expenses as they incurred in reasonable attempts to effect a cure, and a reasonable sum or compensation for the loss of the use of the mules while under treatment.— *Gillett v. Western Railroad Corporation,* 8 Allen, 563; *Street v. Laumier,* 34 Mo. 469; *Olson v. Brown,* 41 Wis. 414.

A. D. PITTS and HENRY F. REESE, *contra.*—The measure of damages was the difference between the reasonable market value, at Marion Junction, of the two mules, immediately before the injury and soon after the injury. The appellant contended that the measure of damages was the difference between the market value, at Marion Junction, of the two mules, immediately before the injury and some time after, or up to the time of the trial. And this is the main question that is now presented in this case. For the purpose of sustaining the contention

of the appellees, who were plaintiffs below, see the following cases:—*Geo. Pac. Co. v. Raleigh*, 79 Ala. 298; 5th Vol. A. & E. Enc. of Law, (1st Ed.) 39; Note (1), *Huffman v. Metropolitan St. & Ry. Co.*, 51 Mo. App. 273; *Chicago B. & Q. Ry. Co. v. Metcalf*, 44 Neb. 848, 63 N. W. 51, 28 L. R. A. 824; *St. Louis Natl. Stock Yds. v. Tibler*, 39 Ill. App. 422; *Galveston Wharf Co. v. McGowan*, Willson Civ. Cas. Ct. App. Sec. 642.

DOWDELL, J.—This is an action to recover damages for the injury of two mules, by the defendant railroad company. The only question presented for our consideration, and that is insisted on in argument, relates to the measure of damages. In such a case, like the one before us, where the property injured is live stock, and a recovery, in a sense, from the injury inflicted, has been effected by treatment, the proper measure of recoverable damages is the difference in the reasonable market value of the two mules on the day of, and before the injury, and what would have been their reasonable market value on the same day in their restored condition after treatment, together with the reasonable cost and expense incurred in effecting a cure, and reasonable compensation for any loss in service or use by reason of such injury from the time of the injury until the cure was effected; provided, the whole damages do not exceed the original value of the property.

In *Keyes v. Minneapolis & St. L. Ry. Co.*, 30 N. W. Rep. (Minn.) 888, which was a case similar to the one before us, the court ruled that the owner was entitled to recover in that case "For the diminished market value of the animals after cure, so far as a cure was effected, and, in addition thereto, such expenses as he incurred in reasonable attempts to effect a cure, and a reasonable sum as compensation for a loss of the use of the horses while under treatment, provided the whole damages do not exceed the original value of the property." To the same effect are the following cases; *Gillett v. Western R. R. Corporation*, 8 Allen 560; *Street v. Laumier*, 34 Mo. 469; *Oleson v. Brown*, 41 Wis. 413. We understand that the "Diminished market value of the animals after cure," as stated in the above case, means the difference in

the market values on the day of the injury, with conditions as we have stated the rule. It will not do to fix values as of different days so widely separated as two months, for the reason that fluctuations in market values might, in such case, work injustice to one or the other of the parties. In most, if not all of the cases cited by counsel for appellee, the property in question was destroyed, and not merely injured as here. The measure of damages in such cases, where the property is destroyed, as a general rule, is the reasonable market value of the property at the time, and just before it was destroyed.

Some of the rulings of the trial court on the evidence are opposed to the views we have expressed, and to that extent there was error, and for which the judgment must be reversed and the cause remanded.

Reversed and remanded.

McCLELLAN, C. J., TYSON and DENSON, J.J., concurring.