# Knight *v.* Tombigbee Valley R. R. Co.

*Injury to Passenger.*

(Decided December 17, 1914. Rehearing denied January 21, 1915. 67 South. 238.)

1. *Carriers; Injury to Passengers; Complaint.*—Where the action is based on injury to a passenger, counts of a complaint which failed to show any duty owing by the carrier to the passenger, are fatally defective.

2. *Same.*—Where the complaint charges that the injury was due to the wilful or wanton act of defendant who was then and there operating its train, etc., which train was operating without a headlight, it was demurrable under the rule that where a complaint avers negligence generally, and then charges particular acts of negligence without more, it is insufficient unless the acts specified in themselves constitute negligence as a matter of law; and this is true in this case although the train was operated and the injury done at night.

3. *Same; Derailment; Wilfulness.*—Where the passenger was injured by a derailment and the evidence rebutted any presumption of defect of rolling stock, foreign obstructions or excessive speed, a count

charging that the injury was due to the wilful misconduct of defendant or its servant, is not sustained.

4. *Same.*—An allegation of wilful injury to a passenger resulting from a derailment is not sustained by a prima facie presumption of the carriers' negligence as a result of an unexplained derailment.

5. *Same; Presumption of Negligence; Issue and Proof.*—Where the complaint charged that defendant so negligently conducted its business of carrying plaintiff as to injure plaintiff, a passenger, proof could be made of any breach of duty, whether relating to the operation of the train, or to the condition of the cars and roadway, or the skill of defendant's servant; but under a specification of negligence in the "operation of the train" evidence of a defective roadway would not be competent; hence, a presumption of a negligently defective roadway would not be available to plaintiff in an action for injuries resulting from a derailment, and in the construction and equipment of its engine and cars.

APPEAL from Washington Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Action by Woodie S. Knight against the Tombigbee Valley Railroad Company for damages for injury suffered while a passenger. Judgment for defendant and plaintiff appeals. Affirmed.

GRANADE & GRANADE, for appellant.

INGE & ARMBRECHT, for appellee.

SOMERVILLE, J.—The defendant company, a common carrier, was operating a mixed train of passenger and freight cars, and three of the freight cars left the track while moving at a speed of about 15 miles an hour, resulting in a severe shake-up of the passenger coach, upon which the plaintiff was riding, and (as alleged) personal injury to the plaintiff by being thrown forward against a car seat.

(1) Counts 1, 5, and 6 of the complaint are defective in not showing any duty owed by the defendant to the plaintiff. Count 3 alleges that the injury was due "to the willful and wanton acts of defendant, who was then and there operating its trains, etc., which

train was operated without a headlight, although the injury was done at night." This count is not sufficient, for the reasons stated in *Johnson v. B. R. L. & P. Co.*, 149 Ala. 529, 43 South. 33. The trial court properly sustained the demurrers to these several counts.

(2) As amended, counts 1, 2, 4, and 5 of the complaint are based simply upon the defendant's *negligence in the operation of the train;* count 3, upon operating the train "without a headlight," no negligence being otherwise charged; count 6, upon defendant's negligence "in constructing and equipping it's engines, locomotives, and coaches, or cars, on which plaintiff was traveling;" count 7, upon "the willful and wanton acts of the said defendant * * * in the operation of its trains at a point between Fairford and Calvert;" and count 8, upon the willful and wanton wrecking of the train, by the servants of defendant. Other than the mere fact that the wheels of the three freight cars left the rails, and the statement of one witness that the cross-ties looked rotten, there is nothing in the evidence which tends in any way to indicate the cause or causes of the wreck. The testimony of the conductor, who was a witness for plaintiff, shows that there was no defect in the wheels of the cars, or their equipment, which could have caused the derailment. Conceding that there was no headlight on the engine, it is clear that its absence had nothing to do with the derailment of the cars behind the engine, which was not itself derailed; and no obstruction was found about the track by the conductor, who promptly made an examination.

(3, 4) The plaintiff bases his right to recover in this case mainly upon the prima facie presumption of the carrier's negligence which is raised by law, in view of the unexplained derailment of the defendant's cars. A

derailment, we conceive, may in such cases be due to defective car wheels, a defective roadway, including rails and ties, a foreign obstruction, or an excessive rate of speed. As already noted, the evidence rebuts any presumption of defective cars, foreign obstructions, or excessive speed; and there is nothing tending in the slightest degree to show willful or wanton misconduct on the part of defendant or its servants, proof of which must be affirmative, and cannot be supplied by the presumption of law referred to.

It may be conceded, we think, that the evidence does not rebut the presumption that the derailment was due to a defective condition of the rails, ties, or roadbed; and the decisive question, therefore, is whether the specification of negligence in the first, second, fourth, and fifth counts of the complaint, viz., the *negligent operation of defendant's train,* is broad enough to cover any negligence of defendant with respect to the *condition of its roadway.*

(5) The scope of this legal presumption of negligence is, of course, limited to and controlled by the specifications of the complaint. Under a complaint charging that the defendant so negligently conducted its business of carrying passengers as to injure the plaintiff passenger, proof could be made of any breach of duty, whether relating to the operation of the train, to the condition of vehicles and roadway, or to the skill of the servants employed.—*K. C., etc., R. R. Co. v. Sanders,* 98 Ala. 293, 304, 13 South. 57. And so such a complaint might be supported by a presumption of negligence with respect to a defective condition of cars or roadway, or to the operation of the train. But it is quite clear, both upon reason and authority, that a specification of negligence in the *operation of the train*

does not embrace, and cannot be supported by proof of, a defective condition of the roadway. This principle is clearly declared in the case of *Bell v. Ala. Midland Ry. Co.*, 108 Ala. 286, 19 South. 316. Hence, in the present case, the presumption of a negligently defective roadway, which would arise and be available to the plaintiff, either under a general allegation or under an appropriate specification, is not available under any count of the complaint here exhibited.

An examination of the numerous cases in which this presumption of negligence has been recognized by this court discloses nothing in conflict with the view above expressed. It results that the general charge was properly given for the defendant as to all the counts of the complaint, and other points presented by the assignments of error are immaterial, and need not be noticed.

ANDERSON, C. J., and DE GRAFFENRIED and GARDNER, JJ., concur.