81 South. 574)

NORTHERN ALABAMA RY. CO. v. HAWKINS. (8 Div. 175.)

(Supreme Court of Alabama. April 17, 1919.)

1. MASTER AND SERVANT ☞301(4)—INJURIES TO PROPERTY OF THIRD PERSONS—LIABILITY OF MASTER.

Employés of a coal company, in loading a railroad car for its own private uses and placing it at a convenient point for the railroad, were not acting as servants or agents for the railroad so as to render the latter liable for negligent operation while placing it.

2. RAILROADS ☞440—NEGLIGENCE—PLEADING AND PROOF.

A charge of negligence in the operation of a railroad car, causing injury to an animal, is not supported by proof of a defective brake.

3. DAMAGES ☞174(2)—PROOF OF DAMAGE—EVIDENCE.

In an action for injuries to a cow, it was competent for defendant to show the value of the cow at the time of the trial, as bearing upon the extent and permanency of the injuries, especially where the complaint alleged that the cow was so injured that "she is worthless."

4. WITNESSES ☞269(10) — CROSS-EXAMINATION.

In an action for injuries to a cow, where a witness for plaintiff testified that the cow after the injury was worth about the value of the hide, defendant on cross-examination should have been permitted to ask the value of the cow at the time of the trial.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Action by W. I. Hawkins against the Northern Alabama Railway Company, for damages to a cow. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

As originally brought the action was against the appellant and the Sheffield Iron Corporation. By amendment the Sheffield Iron Corporation was stricken from the complaint, and the cause proceeded to judgment against the present appellant. The complaint is as follows:

The plaintiff claims of the defendant the sum of $75 damages for in that heretofore, on or about the 5th day of September, 1917, the defendants, their agents or servants, while in the operation of a railroad and a car thereupon, negligently caused or allowed said car to run over or against a cow which belonged to the plaintiff, thereby injuring her so that she is worthless. Said injury occurred at or near the intersection of the Courtland road and the Sheffield Coal & Iron Company's branch railroad, about one mile east of Russellville.

The defendant interposed the general issue and the following special pleas:

(c) The defendant did not own the said railroad, and was not operating said car thereon at the time of the injury complained of. Said railroad was owned by the Sheffield Iron Corporation, and the car which it is alleged did the injury complained of was in the possession of the Sheffield Iron Company at the time of the alleged injury, or was in said possession a short time before said injury, and after the time of the possession of said car by this defendant. And defendant alleges that said car was set adrift or loose by the Sheffield Iron Corporation or its agent, and this defendant had nothing to do therewith, and is not responsible therefor.

(d) The Sheffield Iron Corporation, or its agents, permitted the car which is alleged did

the injury to the plaintiff's cow to roll or run down the said railroad, and the same was not on the road of this defendant, and said car was not in the possession or control of this defendant or its servants or agents at the time of the alleged injury.

The evidence showed the following facts: The defendant railroad company operated on a branch track, running from its main line to the washer of the Sheffield Coal & Iron Company. The railroad company placed empty cars on the storage switch, and the iron company took them from there as needed and let them down by gravity to the washer, where they were loaded and then by the railroad's instructions they were placed about 200 feet below on the side track, to which they were run by gravity and were stopped by the brake. The railroad company's employés had nothing to do with any of these operations. Just after one of the cars had been loaded at the washer in this manner, one of the employés of the iron company started it down, and the brake, said to be defective, gave way, and the car could not be stopped. The employés of the iron company ran ahead of the car, threw the switch, and turned the car onto the main line. Before it stopped it struck plaintiff's cow. But for throwing of the switch in this way the car would have been wrecked, but it would not have struck plaintiff's cow; plaintiff testified that his cow was worth $65 before her injury and was not worth anything afterwards; "she is worth something now, but not much." A witness for plaintiff testified that after the cow was injured she was worth about the hide. On cross-examination he was asked, "What is the cow worth now?" This question was disallowed as being immaterial on motion of plaintiff. There was verdict and judgment for plaintiff for $55.

John H. Bankhead, Jr., of Jasper, and W. L. Chenault and W. H. Key, both of Russellville, for appellant.

Travis Williams, of Russellville, for appellee.

SOMERVILLE, J. The gravamen of the complaint is that—

"The defendant, its agents or servants, while in the operation of a railroad and a car thereupon, negligently caused or allowed said car to run over or against a cow," etc.

[1] The evidence shows, without dispute, that the car which caused this injury was not then operated by defendant's agents or servants, but by the agents or servants of the Sheffield Coal & Iron Company; for it cannot be said that the latter company, in loading defendant's cars for its own private uses, and placing them at a convenient point for defendant, was acting as agent for defendant. This essential allegation of the complaint was not supported by the evidence and the affirmative instruction for defendant should have been given.

[2] Again, a charge of negligence in the operation of a car is not supported by proof of a defective brake. Bell v. Ala. Mid. Ry. Co., 108 Ala. 286, 19 South. 316; Knight v. Tomb. Valley R. R. Co., 190 Ala. 140, 67 South. 238.

The evidence does not show any negligence on the part of any one in the operation of the car, but merely a failure of the brake to work properly. On this theory of the case, also, defendant was entitled to the affirmative charge as requested.

The measure of damages in cases where animals are injured, but not killed, is discussed and stated in the case of South. Ry. Co. v. Gilmer, 143 Ala. 490, 39 South. 265, 5 Ann. Cas. 414, to which we need only refer.

[3, 4] It was competent for defendant to show the value of the injured cow at the time of the trial, "as bearing upon the extent and permanency of the injury." 13 Cyc. 208 (B). Indeed, the allegation of the complaint that the cow was so injured that "she is worthless" brought her subsequent value directly into issue. And, apart from this, the excluded question was relevant, not only in contradiction of the testimony of the plaintiff, but in rebuttal of the witness' testimony in chief.

In excluding the question to Henley as to the cow's value at the time of the trial, there was prejudicial error.

Let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.