140 So. 233

## ALABAMA POWER CO. et al. v. KEY.

### 6 Div. 66.

Supreme Court of Alabama.
March 10, 1932.

Arthur Fite, of Jasper, and Martin, Thompson & McWhorter and J. C. Blakey, all of Birmingham, for appellants.

J. B. Powell, of Jasper, for appellee.

BOULDIN, J.

The action in trespass was brought against Alabama Power Company. By amendment Dixie Construction Company was made a party defendant.

In the clearing of a right of way acquired by Alabama Power Company through condemnation proceedings and the construction of a power line thereon, the evidence tends to show the men doing the work cut and destroyed trees not covered by the right of way, and otherwise injured the adjoining lands of plaintiff. Plaintiff's evidence is entirely silent as to whose employees committed the acts complained of.

Defendant's evidence, without dispute, is to the effect that the work was being done by Dixie Construction Company, a corporation; that the men on the ground were employees of that company and working under a supervisor of that company.

Evidence that the construction work was being done by Dixie Construction Company "for the Alabama Power Company" and on its right of way is relied upon by the appellee as supporting an inference that the construction company was an employee or agency of the power company, rendering the latter company liable for the tort under the doctrine of respondeat superior.

Alabama Power Co. v. Bodine, 213 Ala. 627, 105 So. 869, is relied upon as authority for this position. It was there declared that the relation of master and servant may obtain between corporations as well as individuals. In that case, as the opinion discloses, there was evidence of active control of the work, warranting an inference of such relation.

He who relies upon the doctrine of respondeat superior to fasten liability for tort has the burden of proving the relation of master and servant, principal and agent, etc. George v. Ross et al., 128 Ala. 666, 29 So. 651; Ebersole v. Southern Building & Loan Association, 147 Ala. 177, 41 So. 150, 151; Capital Security Co. v. Owen, 196 Ala. 385, 72 So. 8.

Evidence that one is doing work for another, without more, may tend to meet this burden. But where the undisputed evidence from the same witness shows expressly that the person committing the tort is an employee of another, in his pay, employed by and subject to removal by him, and working under his direction, control, and supervision, this establishes the relation of master and servant between them, and negatives such relation between the employee and the person for whose ultimate benefit the work is being done.

The evidence prima facie shows the construction company an original contractor, and casts upon plaintiff the burden to show such relation between the hands employed and the owner as to render him liable.

" 'He is to be deemed the master who has the supreme choice, control, and direction of the servant, and whose will the servant represents, not merely in the ultimate result of his work, but in all of its details.' Sherman & Redfield on the Law of Negligence, § 160." Lookout Mountain Iron Co. v. Lea, 144 Ala. 176, 39 So. 1017, 1019; Dallas Mfg. Co. v. Townes, 148 Ala. 146, 41 So. 988; Woodward Iron Co. v. Brown, 167 Ala. 316, 52 So. 829; Northern Alabama R. Co. v. Hawkins, 202

Ala. 632, 81 So. 574; Harris v. Henderson Land & Lumber Co., 203 Ala. 631, 84 So. 802.

It follows the original defendant was due the affirmative charge, and in such case the defendant brought in by amendment is likewise due such instruction, else there is a complete change of parties defendant. Thomas v. Saulsbury & Co., 212 Ala. 245, 102 So. 115; Roth v. Scruggs, 214 Ala. 32, 106 So. 182; Alabama Power Co. v. Watts, 218 Ala. 78, 117 So. 425.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.