### KARL v. NEW YORK CENTRAL RAILROAD CO.

1. TRIAL—RAILROADS—NEGLIGENCE—PROXIMATE    CAUSE—INSTRUC-
TION—CONTRIBUTORY NEGLIGENCE.

Where, in pedestrian's action against railroad company for personal injuries caused by crossing accident, question of plaintiff's contributory negligence was for jury, it was error for trial court to instruct jury that defendant was guilty of negligence, and that this negligence was proximate cause of accident.

2. APPEAL AND ERROR—CURING ERROR.

Error in instructing jury that defendant's negligence was proximate cause of accident, *held*, not corrected by subsequent instruction that if plaintiff was guilty of contributory negligence she could not recover.

3. RAILROADS—NEGLIGENCE—CONTRIBUTORY    NEGLIGENCE—DIRECTED
VERDICT.

Pedestrian who started to cross spur track crossing street while engine was standing, and who did not again look to see whether it started before she was struck and injured, was guilty of contributory negligence as matter of law, precluding recovery, although railroad company was negligent in starting engine without giving any warning signal.

McDONALD, C. J., and CLARK and POTTER, JJ., dissenting.

. Appeal from Monroe; Root (Jesse H.), J. Submitted January 13, 1933. (Docket No. 37, Calendar No. 36,939.) Decided April 4, 1933. Rehearing denied June 5, 1933. Motion to reconsider denied June 28, 1933.

Case by Dorothy Karl against New York Central Railroad Company, a corporation, for personal injuries alleged to be due to defendant's negligence at a street crossing. Verdict and judgment for plaintiff. Defendant appeals. Reversed, without a new trial.

*Clarence P. Milligan (Samuel D. Frankel,* of counsel), for plaintiff.

*Thornton Dixon (John J. Danhof,* of counsel), for defendant.

CLARK, J. *(dissenting).* At two o'clock in the afternoon of December 17, 1931, plaintiff, unmarried, age 21 years, left, with another young woman, her place of employment, Consolidated Paper Company's plant, in Monroe, and walked west on the sidewalk on the north side of First street. Just north of the street and parallel to it is a railroad siding. Leading from the siding in a southeasterly direction, and crossing the street, is a spur track. Plaintiff observed a moving locomotive and cars on the spur. When she reached the place where the sidewalk crossed the spur track, the locomotive was standing across the street facing southeast, and the end of the tender, a short distance, perhaps 10 or 15 feet from the sidewalk. Plaintiff saw it standing there. She proceeded to pass behind it on the sidewalk, and as she did so, the tender, because of the angle of the spur track, was behind her and out of her view. Without warning by trainman, switchman, bell, or otherwise, the locomotive backed sud-

denly and the end of the tender struck plaintiff, who fell and suffered serious injury, chiefly loss of an arm. Defendant put in no testimony, and at the conclusion of proof requested directed verdict, which was refused. Plaintiff had verdict and judgment for $30,000, which, on motion for new trial and by order and remittitur, was reduced to $15,000. Defendant has appealed.

The chief question is that plaintiff was guilty of contributory negligence as a matter of law.

The standard of conduct, adopted by this court in *Davis* v. *Railway Co.*, 241 Mich. 166, is:

"There is a standard of conduct, based on the rule of reasonable care, to which all drivers of motor vehicles must conform or bear the consequences. This standard is stated by the Supreme Court of the United States in *Baltimore & Ohio R. Co.* v. *Goodman*, 275 U. S. 66 (48 Sup. Ct. 24, 56 A. L. R. 645), and we quote therefrom:

" 'When a man goes upon a railroad track he knows that he goes to a place where he will be killed if a train comes upon him before he is clear of the track. He knows that he must stop for the train, not the train stop for him. In such circumstances it seems to us that if a driver cannot be sure otherwise whether a train is dangerously near he must stop and get out of his vehicle, although obviously he will not often be required to do more than to stop and look.' "

It will be observed that this rule is especially applicable to care in respect of moving trains.

It is recognized that:

"Special conditions, however, may change the duty from a standard of conduct to an element of care to be weighed by a jury." *Ackerman* v. *Railroad Co.*, 249 Mich. 693.

And see *McPeake* v. *Railway Co.*, 242 Mich. 676.

To hold plaintiff guilty of contributory negligence as a matter of law is to hold that she was bound to

anticipate that the locomotive standing near the sidewalk would be backed suddenly and without warning of any kind. She was not so bound.

In *McWilliams* v. *Detroit Central Mills Co.,* 31 Mich. 274, it was held:

"The testimony indicates that he was crossing while the cars were standing still, and that they were suddenly started by the locomotive pushing against them to back them up. A passenger along the sidewalk of a public street has a right to expect some warning before any sudden movement of this kind, and there should be very plain proof of negligence to bind him under such circumstances."

And see *Davis* v. *Railroad Co.,* 142 Mich. 382 (19 Am. Neg. Rep. 325). The question of plaintiff's contributory negligence was for the jury.

Error is assigned on the following from the charge:

"The testimony in this case shows that as a matter of law that this defendant railroad company was guilty of negligence, and that this negligence was the proximate cause of this accident."

On the facts here the instruction that defendant was guilty of negligence was not improper. *Davis* v. *Railroad Co., supra.* The inadvertent statement that such negligence was the proximate cause of the accident was incorrect, as it would wholly exclude the question of plaintiff's contributory negligence, which question the trial judge, in other paragraphs of the charge, left to the jury. The record is that at the conclusion of the charge, counsel for plaintiff called attention to the inadvertence which the trial judge thereupon expressly corrected by further instruction. Considering the correction and the charge as a whole, we find no reversible error.

Lastly, the judgment is urged to be excessive. Plaintiff, at the threshold of life, expectancy of 41.53 years, earning from $13.50 to $15 per week, lost an arm. Pain, suffering, humiliation, and diminution in capacity and opportunity, need no discussion. A review of cases covering the question of excessiveness of verdict for loss of an arm will be found in L. R. A. 1915 F, p. 53. And see *Schnurr* v. *Railway,* 222 Mich. 591; *Cawood* v. *Earl Paige Co.,* 239 Mich. 485.

Under the authorities and on this record we agree with the trial court that judgment is not excessive. No other question requires discussion.

Judgment should be affirmed.

McDONALD, C. J., and POTTER, J., concurred with CLARK, J.

WIEST, J. I find reversible error. The court instructed the jury:

"In other words, the testimony in this case shows that as a matter of law that this defendant railroad company was guilty of negligence, and that this negligence was the proximate cause of this accident, so we needn't spend any time upon that part of the case."

This was an instruction to find for plaintiff, and was not corrected by subsequent instruction that if plaintiff was guilty of contributory negligence she could not recover. Under the undisputed evidence defendant was entitled to a directed verdict. The court was in error in instructing the jury:

"I know of no rule of law, or statute of this State, that requires having a person look for any train at any given distance; they are bound to use reason-

able care before going upon any railroad track or endeavoring to cross the track.''

This instruction was preceded, but not immediately, by the following:

''Her testimony is, as I have already given it to you, that she, when 15 feet east of the spur track, observed this engine standing upon the highway with the tender at least partly onto that part of the street lying between the pavement and sidewalk, and that she did not again look to see whether or not that engine had started up, or whether she was in a place of danger.''

Under the circumstances, plaintiff was in a position and had opportunity to watch the movement of the engine, and it was her duty to maintain a watch of its progress as well as heed that of her own, and, had she done so, the accident would not have happened.

She was guilty of a want of ordinary care, and the accident happened by reason of the negligence of defendant and the contributory negligence of plaintiff. *Johnson* v. *Railroad Co.*, 246 Mich. 52.

The judgment is reversed, with costs to defendant, and without a new trial.

SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred with WIEST, J.