**KANSAS CITY, Missouri, Plaintiff-Appellant,**

v.

**SCHIFMAN SALES, INC., Defendant-Respondent.**

**No. 24628.**

Kansas City Court of Appeals.

Missouri.

Oct. 2, 1967.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 4, 1967.

Application to Transfer Denied Jan. 8, 1968.

**536**

Herbert C. Hoffman, City Counselor, George L. DeBitetto, Associate City Counselor, Jack R. Reed, Asst. City Counselor, Kansas City, Mo., for appellant.

Loeb H. Granoff, Rich, Rich & Granoff, Kansas City, Mo., for respondent.

SPERRY, Commissioner.

Kansas City, Missouri, a municipal corporation, charged defendant, Schifman Sales, Inc., with being in violation of Section 30.190, Revised Ordinances of Kansas City, Mo. In Municipal court defendant was found guilty and fined $400.00 and costs. Defendant appealed to the circuit court where, on trial to the court, it was ordered that defendant be discharged. Kansas City appeals.

The ordinance above referred to reads, in part, as follows:

*"Any person required by the provisions of this chapter to obtain an occupational license who shall engage in any business,* occupation, pursuit, profession or trade, or in keeping or maintaining any institution, establishment, article, utility or commodity for which such a license is required, *without first procuring and paying for such license; * * * shall be guilty of a misdemeanor"*. (Emphasis ours). Schifman Sales, Inc., has no license.

For some years prior to March 11, 1963, Mr. David Schifman was a salesman, an employee of Schifman Printing Company. He sold its products exclusively and was under its control and direction. The printing company had two other salesmen in its employ. It is agreed that Mr. Schifman was not then required to pay an occupation-

al tax, by reason of the provisions of the following ordinance, quoted in part:

"Sec. 30.2300. SALESMEN.—

" * * *. A salesman is any person who sells, offers for sale or solicits orders for any article of merchandise, or other things of value or pretended value, within the city; *provided, that this definition shall not include a regular employee of business houses or concerns when engaged in soliciting or taking orders for his employer*". (Emphasis ours).

Plaintiff's counsel stated to the court that: "Mr. Schifman was an employee or salesman for the Schifman Printing Company for a number of years and then in 1963 he incorporated himself, you might say, because then the salary that he had been receiving, or commissions, were diverted to the Schifman Sales Company, which is the corporation which is defendant here. As a salesman or an employee of the printing company he did not have to have an occupation license. We, the City, contend that the corporation which he formed in 1963 should have an occupation license * * *".

Mr. Schifman is the sole stockholder of the corporation. He organized it upon the advice of counsel in order to take advantage of federal laws which permit him to set up a pension plan for himself. Since incorporation he continues to sell for Schifman Printing Company in the same manner that he did prior thereto.

Plaintiff contends that a corporation cannot be an "employee"; that respondent cannot, therefore, be an employee of Schifman Printing Company. Plaintiff says that respondent is a sales agent, or agency, under the following ordinance:

"Sec. 30.2290. SALES AGENT OR AGENCY. * * *

"Receiving gross annual commissions, fees, charges or compensation of $5,000.00 or less, per year . . . $25.00 * * *."

Following are provisions for a gradual increase in license fees, based on dollar increase in sales volume. It contains no definition of a "Sales Agent or Agency", nor any other printed matter except as to graduated license fees. Plaintiff's position here is that defendant is a sales agent, under the provision of this section.

Defendant now sells the same merchandise for Schifman Printing Company that Mr. Schifman formerly sold for it as an employee-salesman, but the commissions thereon go to defendant, where they are disbursed. The evidence was to the effect that the tax rate on gross receipts, wholesale and retail, (as paid by Schifman Printing Co.) is one dollar per thousand but that it is higher for a sales agency because the rate levied is on commissions, not gross receipts. Mr. Hayes, Commissioner of Revenue and in control of the department administering occupation licenses, testified to the effect that an employee of a company is on its payroll and his income is subject to withholding taxes, while a sales agent or agency is an independent operator and its income is not subject to withholding taxes; that, while an independent agent or agency may or may not be subject to a certain degree of control by the principal, that would not make it an "employee"; that there are two classifications for occupation licensing purposes in this area, employee and independent agent; that several factors are considered in making the distinction.

Mr. Coleman, municipal revenue agent, audited the records of defendant. He stated that it had paid no license fees; that he found no contract of any kind between defendant and Schifman Printing Co.; that defendant received commissions on sales from Schifman Printing Co., and paid David Schifman compensation from said receipts; that commissions paid to defendant were based on sales made for defendant by the printing company, upon which the printing company had paid taxes to plaintiff; that, since defendant is a corporation, it is required to be licensed in order to engage in business.

"Sec. 30.260, Business, etc. for which license required" was introduced in evidence. It provides, briefly, that every corporation (and others named) engaged in any business specified in article II, shall procure and pay for a license from the city, the fees therefor to be in amounts as specified in the ordinances.

Mr. Burke, a C. P. A., testified that he had, for many years, done accounting work for Schifman Printing Co. and for defendant; that, prior to incorporation of defendant company, Mr. David Schifman was a full time salesman for the printing company and subject to its exclusive direction and control; that it also had, and now has, two other salesmen employees; that David Schifman incorporated himself in order to qualify for a pension plan, which has not been established; that, prior to the incorporation, the printing company paid Mr. Schifman commissions and he paid his own expenses therefrom, including taxes; that, since incorporation, the printing company pays commissions to defendant corporation, which pays Mr. Schifman after deducting and paying his expenses, and Schifman's federal and state taxes.

Plaintiff contends that since defendant is a corporation, it cannot be an employee of Schifman Printing Co. and, therefore, exempt from license tax. A corporation is a legal entity separate and apart from its individual stockholders. Webster's New International Dictionary, Sec. Ed. It's property and business is controlled and managed by its board of directors, consisting of not less than three. Sections 351.310 and 351.-315 RSMo 1959, V.A.M.S. The board of directors would have the legal right to supervise, direct and control the number of and activities of employees of the corporation, and to control the nature and course of the business in which the corporation engages. It could determine what products the corporation would sell, in what manner and for whom.

In 56 C.J.S. Master and Servant § 1b, page 24, it is said:

"Generally speaking a 'servant' or 'employee' is a person who renders service to another, usually for wages, salary, or other financial consideration, and who in the performance of such service is entirely subject to the direction and control of the other, such other being respectively the 'master' or 'employer' * * ".

In 2 C.J.S. Agency § 2e distinctions between the relationships of agent and master and servant are discussed. It is said that they are essentially similar and that the real difference is one of degree only.

The court said in Kourik v. English, 340 Mo. 367, 100 S.W.2d 901, 905:

" * * *. While it would seem to be a misconception of the relation of master and servant, there are cases which have said that such relation may exist between corporations. Alabama Power Co. v. Bodine, 213 Ala. 627, 105 So. 869, but see also Alabama Power Co. v. Key, 224 Ala. 286, 140 So. 233; McWilliams v. Detroit Central Mills Co., 31 Mich. 274. Both of these cases make a positive statement as to such a relation without citation of authority, and they perhaps might have reached the same result on the theory that the corporation held liable violated a duty owed directly to the plaintiff therein. See Lowery v. Kansas City, 337 Mo. 47, 85 S.W.(2d) 104, loc. cit. 110, 111. It is, of course, true that one corporation can be the agent of another. 2 Am.Jur. 22, par. 15; American Law Institute, Restatement, Agency, 64, § 21, but undoubtedly such an 'agency contemplates contractual liability arising from the acts of the agent'. * * * ".

Defendant's position, here and in the trial court, is that it is the alter-ego of Mr. Schifman; and that is the theory upon which the trial court ruled the case.

In 18 Am.Jur. 2nd, Sec. 14, it is said:

"The doctrine that a corporation is a legal entity existing separate and apart from the persons composing it is a legal theory introduced for the purpose of con-

venience and to subserve the ends of justice. The concept cannot, therefore, be extended to a point beyond its reason and policy, and when invoked in support of an end subversive to this policy, will be disregarded by the courts. Thus, in an appropriate case and in furtherance of the ends of justice, a corporation and the individual or individuals owning all its stock and assets will be treated as identical. * * * ".

And, in Sec. 15, it is said that a corporation, for most purposes, is a distinct entity even though all of its stock, except qualifying shares, is owned by a single individual; the concept of corporate legal entity cannot be extended beyond its reason and policy; in a proper case, in furtherance of the ends of justice, a corporation, its assets and its stockholders, will be treated as identical; the principle of piercing the fiction of corporate entity is to be applied cautiously, and each case must rest upon its own facts.

In Saxton v. St. Louis Stair Co., 410 S. W.2d 369, 377 (Mo.App.) the court said that the individual stockholders of a corporation may follow a course of conduct indicating that they operated by mutual agreement outside the confines of the corporation; that, in such cases, the corporate veil should be pierced.

In First National Bank in Canyon v. Gamble, 134 Tex. 112, 132 S.W.2d 100, 103, 125 A.L.R. 265, 269, it was said that the rule disregarding the corporate existence should not be applied unless there is such unity that the separateness of the corporation has ceased and "the facts are such that an adherence to the fiction of the separate existence of the corporation would, under the particular circumstances, *sanction fraud or promote injustice*".

■ In the case before us there is no claim that fraud is involved. The only basis for holding that injustice would be promoted by observing the rule of the separate entity of the corporation, is that de-

fendant will be required to pay a license fee on commissions received from the printing company. We cannot say that such results in an injustice. Mr. Schifman caused the incorporation in order to secure benefits for himself. He must, as a consequence, bear the disadvantages.

Defendant says that there has been no change whatever in the nature and scope of services rendered by Schifman to the printing company as a result of the incorporation, and that it would, therefore, be discriminatory and contrary to law to deny defendant the exemption that was granted to Mr. Schifman as a salesman-employee of the printing company. It is true that both Schifman and defendant were compensated strictly on a gross commission basis. However, the printing company withheld nothing for Schifman's taxes or expenses, which he himself paid. Defendant withholds expenses and taxes and pays the *balance* to Schifman, and it files it's own tax return. Plaintiff says that such evidence indicates that the printing company has not, in fact, treated either Schifman or defendant as its employee. There is no evidence to the effect that defendant was in the full time regular employment of the printing company, no control of Schifman, by the printing company, verbal or written, was shown to have existed. Mr. Burke stated that both defendant and Schifman were under such control. Such statements are conclusions and are unsupported by substantial evidence. However that may be, the printing company had the right to control the activities of Schifman, if he was its employee, as claimed; but it has no right in law to control the detailed activities of defendant corporation.

■ It is claimed that denial of defendant's exempt status is discriminatory because based on a "special law". A study of the ordinances demonstrates that the exemption claimed by defendant is extended only to regular employee-salesmen of established businesses and that such business establishments are required to pay license fees based on their *gross sales*. Naturally,

the *merchandis*e sold costs the business, whether produced by it or purchased for resale. The agent or agency selling for that same business would not bear that expense but would receive commissions on all of his or it's gross sales, upon which license fees are based. This is a reasonable classification under the licensing laws. In 33 Am.Jur., Licenses, Sec. 31, it is said:

"NECESSITY of REASONABLE and SUBSTANTIAL CLASSIFICATION. * * *

"*As a general rule, a classification for the purpose of license requirements and impositions will be upheld if there are substantial differences between the occupations or businesses separately classified or a manifest necessity for the classification. If the classification is a natural one, or a reasonable ground for the distinction exists, the law or ordinance will be upheld, even though the difference between the subjects classified is not great.* On the other hand, there are certain limitations upon this power to classify. A classification for the purpose of license requirements or *impositions must be reasonable* and may not be arbitrary or capricious. More particularly, a *classification or subclassification of occupations, businesses, or privileges for the purpose of license laws must be based upon some reasonable ground of differences therein, which differences are pertinent to the subject of the license.* License enactments based upon arbitrary classifications are merely invalid class or special legislation. * * *". (Emphasis ours).

█ It is the law that if a license ordinance is so unreasonable and unfair in the classification adopted as to be an arbitrary classification for tax purposes, it will be declared void. But the ordinance here considered is not defective in that regard.

The judgment is reversed and the cause is remanded.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court.

HOWARD, P. J., CROSS, J., and FRANK D. CONNETT, Jr., Special Judge, concur.