# Southern Railway Co. *v.* Hubbard.

*Action against a Railroad Company to recover Damages for Personal Injuries.*

1. *Evidence; depositions; part of answer can not be introduced for the purpose of contradicting a witness.*—Where, in a pending suit, interrogatories to the adverse party are filed, as provided by section 2816 of the Code of 1886, (Code of 1896, § 1850), the party filing the interrogatories can not introduce parts of the answers thereto for the purpose of showing that the facts testified to by such opposite party, when examined on the trial as a witness, were untrue, or to contradict the facts so testified to.

APPEAL from the City Court of Birmingham.
Tried before the Hon. H. A. SHARPE.

This was an action to recover damages for personal injuries, brought by the appellee, Joe Hubbard, against the appellant, the Southern Railway Company. The appeal is from a judgment in favor of the plaintiff. The facts pertaining to the only question reviewed on the present appeal, are sufficiently set forth in the opinion.

SMITH & WEATHERLY, for appellant.—The defendant's only purpose was to offer proof of previous contradictory statements made by the plaintiff, the witness then being examined. The entire deposition was not needed for such purpose, and all but the particular parts offered would have been wholly useless for such purpose; indeed, would have defeated such purpose, inasmuch as the offering of the whole deposition by the defendant at whose instance it had been taken under the statute, might have had the effect of making the plaintiff the de-

fendant's witness, and of putting the defendant in the attitude of vouching for the credit and credibility of the witness.—*Wilson v. Maria*, 21 Ala. 359. But the proof was not offered under the statute, but wholly independently, and under the general principle of evidence regulating the impeachment of witnesses, by proof of previous contradictory statements. As such proof the rejected passages were clearly admissible.—1 Greenleaf on Evidence, (15th ed.), §§ 463–465.

B. M. ALLEN, *contra.*—When a party files interrogatories under the statute to his adversary, it is optional with him to read the answer or not; but if he offers a portion of it, he thereby makes the whole of it evidence. *Saltmarsh v. Bower & Co.*, 22 Ala. 221; *Crocker v. Clements*, 23 Ala. 296. The answers of the plaintiff taken under the provisions of sections 2816–2818, Code of 1886, could only be offered by the party taking them. Code of 1886, § 2818.

COLEMAN, J.—The action is in case, and brought to recover damages for personal injuries. Only one assignment of error is insisted upon in the brief and argument of counsel for appellant. The defendant, the appellant here, filed interrogatories to the plaintiff under the provisions of section 2816 of the Code of 1886. By section 2818, the answers to these interrogatories are made evidence in the cause, when offered by the party taking them. During the progress of the trial, the appellant offered in evidence a part of the answer to the third interrogatory, and a part of the answer to the 6th interrogatory, which upon objection was excluded, and this is the error assigned.

It is the settled construction of the statutes which authorize the filing of interrogatories to the opposite party and offering the answers in evidence, that only the party taking them can make them evidence, and if he offers a portion of the answers in evidence he thereby makes the whole evidence.—*Saltmarsh v. Bower & Co.*, 22 Ala. 221; *Crocker v. Clements*, 23 Ala. 296. Appellant concedes this to be the law, but says the purpose of offering the specified portions of the answers in evidence was not to make such portions evidence, but for the purpose of impeaching the witness, by showing that he

had made contradictory statements. We need not decide the question, whether a part of the answers are admissible for this purpose. Counsel for appellants are well advised of the rules of evidence and practice for impeaching witnesses by showing that they have made contradictory statements, and could have expressed their purpose in such unambiguous language as not to have been misunderstood either by opposite counsel or the trial court. The purpose of offering only parts of the answer is thus expressed : "These passages from said deposition of the plaintiff were offered for the purpose of contradicting the plaintiff's testimony on the witness stand." If the facts as testified to by a witness, are shown by other witnesses to be incorrect, his testimony is contradicted, and yet the witness is not impeached by contradictory statements. Section 2821 of the Code expressly provides that the mode of obtaining evidence by filing interrogatories to the opposite party does not preclude the party calling for it from adducing other proof to *contradict* it. In *Wilson v. Maria*, 21 Ala. 359, it was held that the party filing the interrogatories could prove the truth of any particular fact, "*in direct contradiction* of what the witness may have testified." If, as stated in the record, the purpose of introducing parts of the answers was to show that the facts testified to by the witness on the stand were untrue, or to contradict the facts testified to, then the purpose was to offer such parts of the answers as evidence of contradictory facts, and not merely to impeach the witness by showing inconsistent statements. This cannot be done. That we are correct is further borne out by the fact that a proper predicate was not laid to authorize the admission of contradictory statements for impeachment purposes, and counsel for the appellee as well as the court were likely to be misled, as to the real purpose for which the answers were offered. We find no error in the record.

Affirmed.