# Birmingham Railway Light & Power Co. v. Lavender.

*Damages for Personal Injuries While Attempting to Board Car.*

(Decided Dec. 17, 1908. 47 South. 1026.)

1. *Appeal and Error; Harmless Error; Exclusion of Evidence.*—Where the whole testimony showed that the witness was speaking of his wife's boarding the car, the fact that in his interrogatories he used the word 'alighting" from the car [which was either a clerical error or used without an understanding of its meaning], it was harmless error to refuse to permit such answer to be introduced in order to contradict plaintiff on his oral examination.

2. *Trial; Instructions Applicable to Evidence.*—A charge which finds no support in the evidence is properly refused.

3. *Death; Damages; Amount.*—A verdict for $1.200. is not so excessive as to require the setting aside of a verdict where the evidence tended to show that the wife was thrown by the premature starting of the car, was struck in the right side, injured and bruised, confin-

ing her to her bed for six weeks which hastened her death from tuberculosis within about thirteen months a.ter the accident, the action being by the husband for damages for her death.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by L. T. Lavender against the Birmingham Railway, Light & Power Company. From a judgment for plaintiff, defendant appealed. Affirmed.

The evidence for plaintiff tended to show that on November 26, 1904, plaintiff and his wife went to College Station, in East Lake, on defendant's line, to take an electric car to Birmingham, and that they arrived at the station when the car was about a block from them; that the car stopped at the usual stopping place, and that plaintiff was in the act of assisting his wife to get on the rear end of the front car while it was standing, and on the right-hand side of the car, when the car was started with a jerk, and plaintiff's wife, having her left hand holding the railing and with one foot on the car step, was thrown down on the ground, falling parallel to the track, and her right side was struck by the second or trailer car, from which she suffered injuries and bruises to her side and body, from which she was confined to her bed for 6 weeks, and which resulted in hastening tuberculosis, from which she died in about 13 months after her injury.

In reference to the attempt to lay a predicate, the bill of exceptions recites: "During the cross-examination of plaintiff in rebuttal, he was asked by defendant's attorney if he had not stated, in his written answer under oath to the interrogatories propounded to him by the defendant and filed in the case, that his wife was injured in alighting from the car. Defendant offered to submit the answers to witness before he was required to answer, and stated that the purpose of the question was

[Birmingham Railway Light & Power Co. v. Lavender.]

to lay a predicate to contradict plaintiff' Defendant afterwards offered to introduce in evidence that part of the answers of plaintiff to the interrogatories propounded to him, as follows: 'My wife and I were waiting for the car, and the car rolled up, and just as my wife was in the act of alighting.' The attorneys stated that that portion was offered for the purpose of contradicting plaintiff. Objection was sustained, but the court offered to admit the portion offered, if the whole answers were introduced by defendant; but counsel for defendant declined to introduce any part of the answer, except the part hereinbefore set out, and defendant objected and excepted."

Charge 3, refused to defendant, is as follows: "If the jury believe from the evidence that plaintiff's wife attempted to board defendant's car in the dark and while it was in motion, and before it reached its usual stopping place to take on and discharge passengers at College Station, the jury must find for defenndant."

There was judgment for $1,200.

TILLLMAN, GRUBB, BRADLEY & MORROW, for appellant. The court erred in refusing to permit the impeachment of plaintiff as a witness by the introduction of some of his answers to interrogatories, without offering the whole of the interrogatories and answers.—3 Wigmore on Evi. sec. 209-A; *Gunter v. The State,* 83 Ala. 106; *Webb v. The State,* 100 Ala. 47; *Burnett v. The State,* 13 S. E. 553; 34 Pac. 1036; 14 N. W. 865; 65 N. W. 848. Counsel discuss the refused charges and the excessiveness of the verdict, but without citation of authority.

FRANK S. WHITE & SONS, and R. T. SHUBERT, for appellee. The court did not err in its action in refusing to permit impeachment of plaintiff by offering a part of

[Birmingham Railway Light & Power Co. v. Lavender.]

his answers to the interrogatories.—*Southern Ry. Co. v. Hubbard,* 116 Ala. 387; *Saltmarsh v. Bower,* 22 Ala. 221; *Crocker v. Clements,* 23 Ala. 296; Sec. 1850, et seq., Code 1896. The court did not err in refusing charge 3 requested by the defendant.—*K. C. M. & B. R. R. Co. v. Matthews,* 142 Ala. 298; *Bir. R. & E. Co. v. James,* 121 Ala. 125; *Thompson v. Duncan,* 76 Ala. 334; *Bir. R. & E. Co. v. Brown,* 132 Ala. 431. A charge is considered abstract and rightly refused if not hypothecated on the evidence in the case.—73 Ala. 296; 119 Ala. 615; 128 Ala. 307. The verdict was not excessive, and the court did not err in refusing to grant a new trial.—*Southern Ry. Co. v. Crowder,* 135 Ala. 417; *Bir. S. Ry. v. Lintner,* 141 Ala. 427; 15 A. & E. Ency of Law, 861.

SIMPSON, J.—This was an action by the appellee against the appellant for damages on account of an injury to his wife while attempting to get on the car of defendant. The first and second assignments of error insisted on relate to the action of the court in refusing to allow defendant to lay a predicate for contradicting plaintiff as a witness, and to introduce a part of the answer of the plaintiff to interrogatories propounded to him by the defendant, without introducing the entire deposition. The defendant asked said witness, on cross-examination, whether he had not, in his written answer to interrogatories, stated that his wife was injured while alighting from the car. If there was error in this ruling of the court, it was without injury, as the entire deposition is incorporated in the bill of exceptions, and shows that the word "alighting" is clearly either a clerical mistake, or a misapprehension on the part of the witness as to its meaning, as the context shows clearly that he was speaking of his wife's attempting to get on the car, so that there was really no contradiction.

There was no error in the refusal of the court to give charge No. 3, requested by the defendant. Said charge was abstract; there being no testimony to the effect that plaintiff's wife attempted to board the car "in the dark."

There was no error in overruling the motion for a new trial on the ground that the damages are excessive. We cannot say that the damages assessed in this case are so excessive as to justify us in holding that the new trial should be granted, under the rules which have been adopted by this court as to reviewing the action of the lower courts on application for new trials.

The judgment of the court is affirmed.

TYSON, C. J., and DOWDELL and DENSON, JJ., concur.