# CASES

IN THE

# SUPREME COURT OF ALABAMA

### NOVEMBER TERM 1909-1910

## Birmingham Railway Light & Power Co. *v.* Oden.

*Injury to Passenger.*

(Decided Dec. 16, 1909. 51 South. 240.)

1. *Carriers; Passengers; Injury; Complaint.*—Counts 1 and 2 of the complaint stated and examined and held not subject to demurrer on the grounds of vagueness, uncertainty and indefiniteness, and that it did not sufficiently appear what duty was owing the plaintiff from defendant, or wherein or how defendant violated any duty owed her.

2. *Discovery; Interrogatories; Use of Evidence Obtained.*—Construing together sections 4049, 4053 and 4057, Code 1907, it is held that where interrogatories were propounded by defendant to plaintiff, and plaintiff's depositions were in defendant's control after they were answered, to be offered as evidence, the defendant could not introduce a part thereof on the suggestion of laying a predicate for impeachment without offering the whole.

3. *Charge of Court; Unsupported by the Evidence.*—A charge predicated upon a theory unsupported by the evidence, or any reasonable inference to be drawn therefrom, is properly refused.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Delia Oden against the Birmingham Railway, Light & Power Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The complaint was as follows:

Count 1: "Plaintiff claims of the defendant, Birmingham Railway, Light & Power Company, a private

corporation, the sum of five thousand dollars ($5,000.-00) damages, in this: That on and prior to the 4th day of September, 1907, the defendant was a common carrier of passengers by means of street cars from Birmingham, Alabama, to East Thomas, Alabama. That on, to wit, the date aforesaid, plaintiff was a passenger on one of defendant's cars, and when the car approached a point on Thirteenth street, between Eighth and Ninth avenues North, in the city of Birmingham, plaintiff was thrown with great force and violence against one of the seats in defendant's car, and one or more persons were thrown against her with great force, greatly injuring her side and one or more of her ribs, resulting in a female trouble, and because thereof she suffered great physical pain and mental agony. That she had paid and obligated herself to pay large sums of money for medicines, and medical and surgical attention. That her nervous system and physical stamina have been greatly impaired. That she has lost a great deal of time from her usual employment. That she is rendered less able to earn a livelihood. That she was rendered sick, sore, and lame. That she is permanently injured and disabled. And plaintiff avers that her said injuries were proximately caused by the negligence of the defendant's servants or agents, or some of them, in charge or control of the car upon which she was riding, in the negligent manner in which they ran or operated the same."

Count 2: "Plaintiff adopts and makes a part of this count all the first count of this complainant, down to and including the words 'that she is permanently injured and disabled,' where the same appear together in said count, and adds thereto the following: Plaintiff avers that her said injuries were proximately caused by the negligence of the motorman, who had control

of the car upon which she was riding, in the negligent manner in which he ran or operated the same."

The demurrers raised the proposition that the counts are vague, uncertain, and indefinite; that it does not appear with sufficient certainty what duty the defendant owed to the plaintiff, or wherein or how the defendant violated any duty which it owed to the plaintiff.

The following charges were refused to the defendant:

(1) "If you believe from the evidence that plaintiff's injury was proximately caused by a passenger striking her, and not by the starting of the defendant's car, then you must find for the defendant."

(3) "If the jury believe from the evidence that the plaintiff purposely refrained from paying her fare, the jury must find for the defendant."

TILLMAN, BRADLEY & MORROW, for appellant.—The court should have sustained demurrers to the 1st and 2nd counts of the complaint.—*Bir. L. & P. Co. v. Hawkins,* 44 South. 983; *Ensley Ry. Co. v. Chewning,* 93 Ala. 24; *N. B. Ry. Co. v. Calderwood,* 89 Ala. 255. The defendant was entitled to use the answers of plaintiff to interrogatories for the purpose of impeaching.— *Southern Ry. Co. v. Hubbard,* 116 Ala. 387. The court should have given charge requested by the defendant.— 6 Cyc. 538; *Brown v. Scarbrough,* 97 Ala. 316; *N. B. Ry. Co. v. Liddicoat,* 99 Ala. 550; *Higley v. Gilmer,* 35 Am. Rep. 452; Sherman & Redfield's Neg., sec. 488.

FRANK S. WHITE & SONS, for appellee.—The counts were sufficient.—*Allen's Case,* 99 Ala. 359; *K. C. M. & N. v. Matthews,* 39 South. 204; *Bir. R. L. & P. Co. v. Bennett,* 144 Ala. 372; *Bir. R. L. & P. Co. v. Wise,* 149 Ala. 496; *Armstrong v. Montgomery St. Ry. Co.,* 123 Ala. 244. The court did not err in refusing to permit

the defendant to use part of the answers of plaintiff to interrogatories propounded by the defendant, for the purpose of impeachment. All must be used or none can.—*Southern Ry. Co. v. Hubbard*, 116 Ala. 287; *Bir. R. L. & P. Co. v. Lavender*, 47 South. 1026; Dec. Dig. sec. 1056; Code 1907, sec. 4049, et seq. The court did not err in the refused charges, 128 Ala. 242; Id. 307; 148 Ala. 1; 119 Ala. 650; Elliott on Railroads, vol. 4, sec. 1578, and authorities there cited.

DOWDELL, C. J.—The complaint contained three counts. At the conclusion of the evidence, the third count, based on wantonness, was at the instance and request of the defendant charged out.

The first and second counts counted on simple negligence. In each of these counts the relation of passenger and common carrier was averred which, in law, raised up a duty of safe carriage by the carrier; and in their averments, both in respect to duty and to negligence on the part of the carrier, when measured by the rule repeatedly declared in our decisions as to the pleadings in such a case, were sufficient, and not subject to the demurrer interposed, and which the trial court properly overruled.—*Armstrong, Adm'r, v. Montgomery Street Ry. Co.,* 123 Ala. 244, 26 South. 349; *Birmingham Railway, Light & Power Co. v. Bennett,* 144 Ala. 372, 39 South. 565; *K. C., M. & B. R. R. Co. v. Matthews,* 142 Ala. 298, 39 South. 207; *Birmingham Railway, Light & Power Co. v. Wise,* 149 Ala. 496, 42 South. 821.

The defendant filed interrogatories to the plaintiff under the statute (section 4049, Code 1907). It was compulsory on the plaintiff to answer these interrogatories, except upon grounds of impertinency or of being subjected to criminal prosecution, when she might

decline (section 4057). The plaintiff answered the interrogatories, and her depositions, when so taken, were in the control of the defendant, to be offered or not, as evidence on the trial alone by it (section 4053). These statutes have been construed by this court, and it has been determined that a party so taking the depositions of his adversary, when desiring to use such as evidence, cannot introduce a part of the depositions, without offering the whole.—*Southern Railway v. Hubbard,* 116 Ala. 387, 22 South. 541, and cases there cited; *Birmingham Railway, Light & Power Co. v. Lavender,* 158 Ala. 534, 47 South. 1026.

It would be a perversion of the purposes of the statute to permit the rule of construction placed upon it to be evaded, and a part only of the answer introduced, upon the suggestion of laying a predicate for impeachment. Moreover, the defendant, by subsequent question asked the plaintiff (and answered without objection), embodying substantially all that was contained in the part of the deposition sought to be introduced, had the same opportunity and advantage for purpose of a predicate for impeachment. We are of the opinion, and so hold, that the rulings of the trial court in this respect were free from reversible error.

The evidence was without dispute to the effect that the sudden starting of the car with a jerk threw the "passenger" against the plaintiff, knocking her down, and resulting in the injury complained of; and charge 1, requested by the defendant, was therefore properly refused. The theory of the charge was unsupported by any evidence, or any reasonable inference to be deduced from the evidence.

This may be said of charge 3, refused to the defendant. There was no evidence, nor any reasonable infer-

ence afforded by the evidence, that the plaintiff purposely refrained from paying her fare.

We find no reversible error in the record, and the judgment will be affirmed.

Affirmed.

ANDERSON, SAYRE, and EVANS, JJ., concur.

