# Jones, et al. v. Myrick Lumber Co.

## Trespass.

(Decided November 7, 1914. Rehearing denied December 17, 1914. 67 South. 672.)

1. *Trespass; Injury to Freehold; Instructions.*—Where one count alleged injury to land by the cutting of trees, a charge limiting the right of recovery to injuries to the land itself, was proper.

2. *Same; Cutting Trees; Penalty.*—Where one count charged the recovery of the statutory penalty for wilfully and knowingly destroying or cutting trees, the court properly limited plaintiff's right to recovery on that count to a finding by the jury that defendant cut the trees wilfully and knowingly.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by Zimmett Jones and others, by their next friends, against the Myrick Lumber Company, for trespass to realty and for the statutory penalty for cutting trees. Judgment for defendants, and plaintiffs appeal. Affirmed.

GEORGE D. MOTLEY, for appellant.

ROPER & STEPHENS, for appellee.

MAYFIELD, J.—The action was brought to recover damages for the destruction of trees. The first count of the complaint was in debt to recover the statutory penalty for "willfully and knowingly" destroying the trees, and the second was in trespass for injury to the land upon which the trees were cut. The trial was had on the general issue as to both counts, and resulted in verdict and judgment for the defendant from which judgment the plaintiffs appeal.

[Jones, et al. v. Myrick Lumber Co.]

There was no dispute that the land in question belonged to the plaintiffs, who were minors, nor was there any bona fide dispute that their guardian had sold to the defendant the timber and trees upon the land, except these trees and a few others. The contention of the plaintiffs was that a certain grove or woodland on the tract was reserved when the other timber was sold. This was denied by defendant. The evidence was all oral. No deeds or conveyances of the timber were offered in evidence. The evidence was also in dispute as to whether the defendant was warned or forbidden to cut the timber from this grove or woodland which was claimed to be reserved.

(1, 2) The only questions reserved for our consideration are the refusal of the court to give the affirmative charge for the plaintiffs and the action of the court in giving two charges for the defendant. The charges given at the request of the defendant were as follows: "(A) The court charges the jury that, if they find from the evidence in this case that the trespass complained of upon the land described in the complaint did not injure or damage said land, then they cannot find a verdict for the plaintiffs under the second count of the complaint for any actual damages.

"(B) The court charges the jury that, unless they are reasonably satisfied from the evidence that defendant cut the trees charged in the complaint willfully and knowingly, then plaintiffs cannot recover under the first count of the complaint."

We are sure that there was no error as to the refusal to give the affirmative charge for the plaintiffs, or in the giving of either of the charges for the defendant.—*Batson's Case,* 179 Ala. 490, 60 South. 313. For the same reason, charge A was properly given. As this count claimed damages only for injury to the freehold,

29—191

by reason of cutting the trees, and not for the value of the trees, then, if the freehold was not damaged, the plaintiffs were not entitled to recover under this count.

The other charge was unquestionably correct. The statute makes a defendant liable to the penalty where the trees are "willfully and knowingly" cut. The count alleged that the trees here in question were so cut, and, of course, this allegation must be proven, in order for the plaintiffs to recover under the count claiming the penalty. We feel it to be unnecessary to discuss these propositions; or to cite authorities in support of the conclusion. The result seems to necessarily follow.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.