(78 South. 839)

RUDOLPH v. HOLMES. (3 Div. 321.)

(Supreme Court of Alabama. April 18, 1918.)

1. ACTION ⌀48(2)—JOINDER OF CAUSES.

A count to recover statutory penalty under Code 1907, § 6035, for cutting trees or saplings, and a count for trespass as for injury to the land by cutting trees, may be joined in one action.

2. PLEADING ⌀248(1)—AMENDMENT.

Where there was no departure nor prejudice by substitution for defective counts so as to allege the same matters effectively, it was not error to permit amendment under Code 1907, § 5367.

3. PLEADING ⌀252(1)—AMENDMENTS PENDING TRIAL—EFFECT.

Where original complaint was defective, a proper amendment setting up no new cause of action as to which the original complaint did not stop the running of the statute of limitations related back to time of filing original complaint in view of Code 1907, § 5367.

4. PRINCIPAL AND AGENT ⌀159(1)—TORTS OF AGENT—CUTTING TREES—PENALTIES.

No recovery can be had of penalty, under Code 1907, § 6035, for cutting trees, from one whose servants or agents cut the trees, where such person did not authorize the cutting or have knowledge or notice of it until long after it was done, since for the penalty to be recoverable the cutting must have been done "knowingly and willfully."

5. TRIAL ⌀267(2) — INSTRUCTIONS — BAD FORM.

A requested instruction, if bad in form, is properly refused, though a charge on the subject should have been given.

6. NEW TRIAL ⌀38—GROUNDS.

Error in failing to give proper affirmative charge as to one count, when properly assigned, is ground for new trial.

Appeal from Circuit Court, Lowndes County; A. E. Gamble, Judge.

Action by Frank C. Holmes against B. B. Rudolph. Judgment on verdict for plaintiff, and defendant appeals. Reversed and remanded.

W. P. McGaugh, of Montgomery, for appellant. Powell & Hamilton, of Greenville, for appellee.

MAYFIELD, J. [1] The action is to recover damages for the destruction of timber or trees. One count sought to recover the statutory penalty for cutting or destroying growing trees or saplings, as is provided for by section 6035 of the Code, and the other was in trespass, as for injury to the land from which the timber was cut and removed. These two counts may be joined in one action, under our statutes and system of pleading and practice.

[2, 3] There was no error in allowing the complaint to be amended by adding these two counts. There was no departure; the original complaint contained counts of like kind, and, although it was defective, there was no error or injury in allowing the original counts to be stricken or abandoned and new ones added. The amended complaint related back to time of filing the original complaint; it set up no new cause of action, as to which the original complaint did not stop the running of the statute of limitations. Code, § 5367, and annotations thereto. The jury found for the plaintiff under both counts of the complaint. A motion for a new trial was made, but was overruled; and defendant appeals, and assigns error both as to rulings on the main trial and as to the ruling denying the motion to set aside the verdict and award him a new trial.

[4] The bill of exceptions purports to con-

tain all the evidence, and we find none here to support the verdict for damages as for the statutory penalty. There is no evidence that the defendant cut down or destroyed the trees of plaintiff "knowingly and willfully without the consent of the owner," as alleged. The most that is shown is that servants or agents of defendant cut and destroyed certain trees. It is affirmatively shown that defendant did not authorize such agents or servants to cut or destroy the trees as alleged. He had no knowledge or notice of the cutting until long after it was done. While of course principals are liable for the acts of their agents performed within the line and scope of the particular employment, it does not follow that this doctrine holds true as for acts which constitute a crime or that are punished by a penalty.

The case of Williams v. Hendricks, 115 Ala. 277, 283, 22 South. 439, 440, 41 L. R. A. 650, 67 Am. St. Rep. 32, with notes, reviews the authorities on the subject, and it is there said among other things:

"The penalty is not imposed for a mere mistake or negligence in cutting the trees. The cutting must be done knowingly and willfully. Different principles arise when it is sought to hold a principal responsible for the criminal acts of his agent or servant. The act is highly penal, and must be strictly construed; and, before a party can be subjected to its penalties, it must clearly appear that he has violated it knowingly and willfully. It is not enough, in such a case, that a partner or servant, without his knowledge and contrary to instructions and against his assent, has committed the unlawful act. To so hold would be to extend the statute by judicial interpretation beyond its meaning and its positive terms. Clifton Iron Co. v. Curry, 108 Ala. 581 [18 South. 554]. To subject any one, therefore, to the penalty of the act, it must be shown to have been willfully violated by proof that the party charged committed the forbidden act himself, or caused another to do it by his command or authority. The statute gives the penalty against the actual trespasser only; it would be a violation of legal principles, therefore, to extend it so as to embrace another by implication." 115 Ala. 284, 22 South. 441, 41 L. R. A. 650, 67 Am. St. Rep. 32.

"The authorities make a broad distinction as to the liability of a principal or master, where it is sought to hold him responsible upon a common-law liability for the torts of the agent or servant, and when it is sought to recover from him a statutory penalty. In the former cases he is liable for the acts done within the scope of his employment. In the latter the liability is fixed and limited by the statute itself. The distinction is clear, and rests upon sound principles of law. What was said in the case of Postal Telegraph Co. v. Brantley, 107 Ala. 683 [18 South. 321] and Id. v. Lenoir, Id. [107 Ala.] 640 [18 South. 266], is wholly correct when applied to the common-law action for the recovery of damages. A decision of the question now considered was not before the court in either of those cases, and what was said with reference to the liability of a principal for the statutory penalty was merely dictum." 115 Ala. 286, 22 South. 441, 41 L. R. A. 650, 67 Am. St. Rep. 32.

[5, 6] It follows that the trial court should have given the affirmative charge as to the count claiming damages as for the statutory penalty, if the charge had been in proper form; it was, however, bad in form and was properly refused. Southern Railway Co. v. Howell, 135 Ala., 648, 34 South. 6. The trial court nevertheless should have granted a new trial on this ground, which was properly assigned. We are not willing to allow a judgment to stand for damages as for a statutory penalty, when there is no sufficient evidence to support such a judgment.

The evidence is very meager, indefinite, and uncertain as to whether or not this plaintiff had such possession, at the time of the alleged trespass, as to support the action on the count for trespass; but as the judgment must be reversed, and the evidence may be different on another trial, we will not decide the question as to the sufficiency of the evidence touching the possession of plaintiff to support the action as for trespass.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.