(89 South. 170)

**McCONNELL v. FREE.    (2 Div. 756.)**

(Supreme Court of Alabama.   April 21, 1921. Rehearing Denied May 19, 1921.)

1. **Trespass ⬙63—Employer forbidding cutting of trees not liable for statutory penalty.**

To fasten liability for the statutory penalty for cutting timber under Code 1907, § 6035, on the employer of persons doing the cutting, it is essential to show that he commanded, procured, or expressed assent that the cutting be done before or at the time of its commission, and where a grantee of timber in directing his employees to install a telephone line directed them not to cut any growth below the diameter specified in his deed he was not liable.

2. **Appeal and error ⬙1008(1) — Judge's finding not disturbed unless plainly erroneous.**

Where the testimony was delivered ore tenus and the trial judge saw and heard the witnesses, his finding is accorded the effect of a verdict, and will not be disturbed on appeal, unless plainly erroneous.

3. **Appeal and error ⬙1047(1)—Rulings on evidence harmless, where plaintiff not entitled to recover.**

Where plaintiff failed to prove a material element of his case and was not entitled to recover, rulings on evidence, if assumed to be erroneous, were without injury to him.

Appeal from Circuit Court, Sumter County; R. I. Jones, Judge.

Action by J. A. McConnell against J. S. Free for the penalty for the cutting of timber. Judgment for the defendant, and the plaintiff appeals. Affirmed.

Patton & Patton and Thomas F. Seale, all of Livingston, for appellant.

Free had no right to the timber on the land not included in his contract. 146 La. 584, 83 South. 839; 86 South. 464. Free was liable for the acts of his agents, done under his instructions and in the course of their employment. 107 Ala. 640, 18 South. 266; 115 Ala. 277, 22 South. 439, 41 L. R. A. 650, 67 Am. St. Rep. 32; 115 Ala. 334, 22 South. 163. On these authorities, appellant insists that Free was liable to the statutory penalty, and that the court erred in rendering judgment for the defendant.

H. A. & D. K. Jones, of Tuscaloosa, for appellee.

Counsel discuss at length and with citation of authority the exceptions reserved to evidence; but, in view of the opinion, it is not deemed necessary to here set them out. In order to render defendant liable, under section 6035, Code 1907, he must not only have directed the cutting of the trees willfully, or must have done the act himself. 153 Ala. 178, 44 South. 1032; 201 Ala. 461, 78 South. 839; 115 Ala. 277, 22 South. 439, 41 L. R. A. 650, 67 Am. St. Rep. 32. Statute imposing penalties is always strictly construed. 202 Ala. 183, 79 South. 667; 120 Ala. 616, 25 South. 8. The court heard the evidence, and its judgment will not be disturbed, unless plainly erroneous. 182 Ala. 509, 62 South. 517; 203 Ala. 9, 81 South. 677.

McCLELLAN, J.   This action, instituted by appellant against appellee, is to recover the statutory penalty provided in Code, § 6035, for wrongfully, willfully, and knowingly cutting trees and saplings belonging to the plaintiff.   On trial by the court without jury, judgment was rendered for defendant.   The defendant was the grantee in the plaintiff's timber deed conveying all merchantable standing timber measuring six inches and over in diameter eight inches from the ground, on the lands described in the instrument.   The defendant set up widely separated mills and a commissary in the process of cutting and removing the timber thus granted.   He desired to connect these mills, commissary, etc., by a telephone line; but this conveyance contained no semblance or color of authority or grant to the defendant to erect on the land a telephone line, or an easement for telephone purposes, even if allied with the operations necessary to avail of the timber and related easement granted. The instrument did not assume to vest in the defendant any right to cut or remove any timber (other than that passing by the grant, etc.) to facilitate or make possible the erection or operation of a telephone line over the lands of the plaintiff.   The verbal negotiations or agreement at one time in course or consummated between these parties with respect to a telephone line was but a license, revocable upon the pleasure of the plaintiff, licensor, supported by no consideration moving to the licensor.   Profile Cotton Mills v. Calhoun Water Co., 189 Ala. 181, 188, 66 South. 50, and cases there cited.   The defendant himself testified:

"I did not put the telephone along the place Mr. McConnell and me had discussed putting it. I did not carry out my agreement. This line was put up for my exclusive benefit."

---

That the license indicated was revoked before some, if not all, of the cutting of trees and saplings—for the purpose of erecting the telephone line—was done, appears from the evidence beyond any fair doubt.

The defendant directed the erection of the telephone line, and so through his admitted agents or employees. In reference to plaintiff's statements to him in this matter he testified:

"I saw Mr. McConnell during the time the telephone was being erected at my commissary. One day he told me to stop working on the telephone which was on the right of way there. I told him at that time that I would put it up in spite of hell and high water, and I went on and completed it. My men did the work, men that I employed, and Mr. Shirley sent some out there. The telephone was built according to my orders."

[1-3] Had the action been brought to enforce a common-law liability, a clear right to recover would have been shown. The only count was for the statutory penalty. Code, § 6035. In order to fasten this liability, this penalty, upon the defendant, the employer of the persons who did the cutting, it was essential to show that the defendant (master) commanded, procured or expressed assent that the wrong be done, before or at the time of its commission. Williams v. Hendricks, 115 Ala. 277, 22 South. 439, 41 L. R. A. 650, 67 Am. St. Rep. 32. The evidence authorized the trial judge to find that the defendant not only did not direct, etc., this cutting of plaintiff's trees or saplings, or both, by his employees, but, to the contrary, that he directed them, in installing the telephone line, not to cut any growth below the diameter specified in the plaintiff's deed granting the timber. This was vital to plaintiff's case, brought, as it was, for the statutory penalty only. The testimony being delivered ore tenus, the trial judge saw and heard the witnesses; and, under the established practice, his finding is accorded the effect of a verdict of a jury, and will not be disturbed on appeal unless plainly erroneous. 13 Mich. Ala. Dig. p. 167, noting some, only, of the numerous cases so holding. With this material element of plaintiff's case resolved against the plaintiff, he was not entitled to recover in this action for the statutory penalty only. Hence the many rulings on evidence recited in the assignments of error were, if assumed to be erroneous, without injury to the plaintiff. Bienville Water Co. v. Mobile, 125 Ala. 178, 184, 27 South. 781; Sou. Ry. Co. v. Harris, 202 Ala. 265, 266, 80 South. 101.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.