(94 South. 361)

EVANS BROS. CONST. CO. v. STEINER BROS. (6 Div. 714.)

(Supreme Court of Alabama. Oct. 26, 1922.)

1. Principal and agent ⬳189(1) — Complaint claiming penalty for cutting trees, charging acts by agents held insufficient.

A complaint, which claims the statutory penalty for willfully and knowingly cutting trees on land of another without owner's consent, and which charges that the acts were done by defendant's agents or servants, is insufficient.

2. Corporations ⬳513(3)—Complaint charging corporation's trespass by and through its servants charges acts done by defendant's authority.

Complaint charging that defendant corporation cut trees on plaintiff's land "by and through its servants" sufficiently charged an act done by direct corporate authority.

3. Corporations ⬳513(1)—Not necessary to allege that corporation acted by agents or servants.

It is not necessary, in pleading, to allege that a corporation acted by its agents or servants.

4. Trespass ⬳40(1)—Single act of trespass must be precisely alleged.

Where a single act of trespass is alleged, the time when it occurred must be precisely

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

alleged; but divers trespasses may be alleged to have been committed from day to day during a certain period, and where the exact time of a trespass is alleged as unknown to plaintiff, it is sufficient to state the period within which it occurred.

5. Evidence ⟨key⟩377 — Predicate for admission of memorandum showing number of trees cut on plaintiff's land held sufficient.

Where witness had no independent recollection of the figures in his memorandum, although made long after the trees were cut, but at the time the stumps were counted and measured, and he knew it was correct at the time he made it, the predicate for its admission to show the number of trees cut on plaintiff's land was sufficient.

6. Trespass ⟨key⟩43(4)—Proof of cutting by independent contractors held not to sustain charge of willful cutting.

In trespass, where evidence showed that parties, in cutting timber on plaintiff's land in 1918 and 1920, were acting as independent contractors, there could be no recovery against defendant on a count charging that it willfully and knowingly caused the timber to be cut.

7. Trial ⟨key⟩396(1) — General finding of trial court referred to count which is sufficient.

A general finding of the trial court sitting without a jury will be referred to a count which is sufficient, and which is supported by evidence.

8. Appeal and error ⟨key⟩1054(3)—General finding of trial court, sustained by all the legal evidence, not reversed because of admission of illegal evidence.

Where the general finding of the trial court is referable to a good count, and is sustained by all the legal evidence, the judgment will not be reversed on appeal because of the admission of some illegal evidence.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by Steiner Bros. against the Evans Bros. Construction Company for the cutting and removal of trees. From a judgment for plaintiffs, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The complaint is in seven counts. Count 1 charges that defendant, "the Evans Bros. Construction Company, acting by and through its servants, agents, or employees, acting within the line and scope of their authority as such agents or employees, did cut down or take away" 278 trees from plaintiff's property, "wilfully, knowingly, and without his consent." Count 2 charges a trespass to plaintiff's land in statutory form, "between the 18th day of August, 1917, and the 31st day of December, 1919," with the additional charge that during that period defendant cut and removed 139 trees. Count 3 charges a trespass in the same form, between January 1 and December 25, 1920, during which time defendant cut and removed 278 trees from the land. Counts 4 and 5 are in trover for conversion. Count 6 is for trespass to the land "by defendant, acting by and through its servants, agents, or employees, acting in the line and scope of their employment, * * * and for cutting the timber thereon, to wit, some time between the 1st of January, 1918, and the 31st of December, 1919, the exact time to the plaintiff being unknown"—with the charge that 139 trees were so cut and removed. Count 7 is like count 6, except the time of cutting is laid between January 1, 1920, and December 20, 1920, and the number of trees is alleged as 278.

Demurrers interposed to each and every count separately were overruled, and the plea was the general issue, in short by consent. The errors assigned are based on the ruling on the demurrers, ruling on the evidence, and the rendition of judgment for plaintiff. The court sat without a jury and awarded $650 damages, generally. The grounds of error assigned are sufficiently stated in the opinion.

Coleman & Coleman & Spain, of Birmingham, for appellant.

A complaint for trespass, which fails to allege the time when the trespass was committed, is defective. 143 Ala. 286, 39 South. 318. A count based on the statutory penalty must allege that the acts were done under the express direction of the principal. 115 Ala. 277, 22 South. 439, 41 L. R. A. 650, 67 Am. St. Rep. 32; 23 Ill. App. 446. Ward and Grant were independent contractors, and no liability attaches to the contractee for the acts of its independent contractors. 148 N. C. 336, 62 S. E. 436; 192 Ala. 651, 68 South. 1008; 197 Ala. 473, 73 South. 33; 200 Ala. 204, 75 South. 962; 136 Ala. 508, 35 South 132.

Leader & Ullman and David R. Solomon, all of Birmingham, for appellees.

Count 1, averring corporate authorization of the acts charged, was sufficient. 139 Ala. 161, 34 South. 389; 175 Ala. 211, 57 South. 477; 203 Ala. 328, 83 South. 52. Even if there had been error in overruling demurrer to count 1, it was harmless, because there were good counts sustained by the evidence. 178 Ala. 463, 60 South. 99; 17 Ala. App. 678, 88 South. 191. It is not necessary in a suit against a corporation to aver that the act was done by an agent or servant, but the complaint may charge that the corporation did the act. Fletcher's Cyc. Corp. § 3055; 16 Encyc. Pl. & Pr. 899.

SOMERVILLE, J. [1] A complaint which claims the statutory penalty for willfully and knowingly cutting trees on the land of another without the owner's consent, and which

charges that the acts were done by the agents or servants of the defendant, is not sufficient. Williams v. Hendricks, 115 Ala. 277, 22 South. 439, 41 L. R. A. 650, 67 Am. St. Rep. 32; Rudolph v. Holmes, 201 Ala. 461, 78 South. 839.

[2] Count 1 of the complaint is not subject to that objection, however, since it charges that the *defendant corporation* did the cutting as alleged, "by and through its servants," etc. This sufficiently charges an act done by direct corporate authority. Cooper v. Slaughter, 175 Ala. 211, 57 South. 477; Ex parte L. & N. R. R. Co., 203 Ala. 328, 83 South. 52.

[3] It is not necessary in pleading to allege that a corporation acted by its agents or servants. "Indeed, it is commonly held that the acts constituting the cause of action should be alleged as the acts of the corporation, and that it is not necessary to aver that they were done by and through the authorized agents of the corporation." 14a Corp. Jur. 845, § 2970, citing many authorities. Counts 2 and 3 were not subject to demurrer on this account.

[4] Where a single act of trespass is alleged, the time when it occurred must be precisely alleged. Snedecor v. Pope, 143 Ala. 275, 39 South. 318. But "divers trespasses may be alleged to have been committed from day to day during a certain period. * * *. In general, where divers trespasses are alleged as occurring within a certain period, any number within the period may be shown." 33 Cyc. 1083; Ala. Midland R. R. Co. v. Martin, 100 Ala. 511, 14 South. 401. We think the allegations of counts 6 and 7 bring them fairly within this rule. Moreover, where the exact time of the trespass is alleged to be unknown to the plaintiff, as is here alleged, it is undoubtedly sufficient to state the period within which it occurred. The demurrer on this ground was properly overruled.

[5] The memorandum used by the witness W. A. Sellers, showing the number of trees cut on plaintiff's land and the size of the stumps, was shown to have been made at the very time the stumps were counted and measured, and it appeared that he knew it was correct at the time he made it, but had no independent recollection of the figures therein set forth, at the time he was testifying. This was a sufficient predicate for the introduction of the memorandum in evidence. It was no objection to its admissibility that it was made long after the trees were cut, for it was a memorandum of the stumps counted, and not of the cutting of the trees. Taken in connection with the witness' testimony, it was perfectly intelligible.

[6] We agree with counsel for defendant in the view that the evidence shows without material conflict that, in cutting the timber on plaintiff's land, Grant (in 1918) and Ward (in 1920) were operating as independent contractors, and that for their cutting defendant cannot be held liable under count 1 of the complaint for the statutory penalties therein claimed—there being no evidence that it willfully and knowingly caused timber to be cut on plaintiff's land. Under the testimony of the witness W. A. Sellers, an employé of Ward, who cut some of the timber in question, the trial court might properly have found for plaintiff under a trespass count: his testimony being that "Mr. Evans pointed out to me what timber to cut," and that the timber so pointed out was on plaintiff's land, and that the witness cut some of that timber.

We are satisfied, however, from the character of the evidence before the court, and from the amount of damages given by the judgment, that the trial court found for the plaintiff under the trover counts only, and we are satisfied, also, that the evidence supports the judgment as an award of damages for the conversion of the timber. Mr. Evans, president of defendant company, testified that he sent his trucks and got all the lumber that was cut there, and used it, and sold it, and got the money for it; and Mr. Ward, the contractor, testified that the Evans Bros. Construction Company paid him for the work, and that they got *all the lumber* that was cut there. The judgment was clearly not in excess of the proven value of the timber thus shown to have been appropriated by defendant company.

[7] A general finding of the trial court, sitting without a jury, will be referred to a count which is sufficient, and which is supported by the evidence. Schlossburg v. Willingham, 17 Ala. App. 678, 88 South. 191, citing Shannon v. Lee, 178 Ala. 463, 60 South. 99.

[8] In such a case the rule is that, if the judgment is sustained by all the legal evidence, this court will not reverse the judgment merely because of the admission of some illegal evidence. Woodrow v. Hawving, 105 Ala. 240, 16 South. 720.

We find no valid reason for reversing the judgment of the trial court, and it will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.