(97 South. 55)

FORD v. BRADFORD.  (7 Div. 380.)

(Supreme Court of Alabama. June 21, 1923.)

1. Adverse possession ⊂∞57—Trespass ⊂∞45 (2)—Evidence of possession by plaintiff's grantor admissible to establish prima facie title and show element of adverse possession.

In action for cutting timber involving boundary dispute, evidence that, before plaintiff took possession of his land, his grantor was in possession and had been for more than 30 years was admissible to establish prima facie title, and as tending to establish element of adverse possession.

2. Witnesses ⊂∞328—Cross-examination of witness testifying concerning surveys held improperly excluded.

In boundary dispute, where adjoining owner testified that survey on which defendant relied was nearer the line claimed by him than plaintiff's survey, cross-examination as to wire stretched by defendant across his land and as to distance from northeast corner of the 40 to the southeast corner held improperly excluded.

3. Witnesses ⊂∞372(2)—Questions on cross-examination held admissible to show interest or bias and improperly excluded.

In action for cutting timber involving boundary dispute, questions asked witness for defendant on cross-examination, if judgment had not been rendered against him for cutting timber on plaintiff's side of the line, and if he was not one of those employing the surveyor on whose survey defendant relied, should have been admitted to show interest or bias.

4. Trial ⊂∞260(1)—Refusal of charges, substance of which was covered, not error.

The refusal of requested charges was not error, where their substance was embraced in the oral charge.

5. Trespass ⊂∞68(2)—Instruction held erroneous as permitting recovery of statutory penalty for cutting of timber by agents, without willful conduct by defendant.

In action for cutting timber, instruction that acts of defendant's agents were his acts, and, if they cut or took away timber willfully and knowingly and on defendant's directions, defendant was liable, held erroneous, as permitting recovery of statutory penalty without proof of knowledge and willful conduct by defendant himself.

Appeal from Circuit Court, Clay County; W. L. Longshore, Judge.

---

⊂∞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 38.

Action by A. C. Ford against J. F. Bradford, for cutting timber. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

Charge 8, refused to plaintiff, reads:

"8. The court charges the jury that the acts of defendant's agents in cutting or taking away said timber are the acts of the defendant, and if such agents cut or took away said timber from the lands of A. C. Ford, willfully and knowingly, without the consent of A. C. Ford, and did so on the directions of the defendant, then defendant is liable for the acts of his said agents, and would be liable to plaintiff for $10 for each tree he caused his agents to cut or take away from the land of plaintiff."

Walter S. Smith, of Lineville, for appellant.

Evidence of ownership and adverse possession by plaintiff should have been admitted. White v. Farris, 124 Ala. 461, 27 South. 259. Evidence of the bias of defendant's witness should have been allowed. 14 R. C. L. 784; A. G. S. v. Sellers, 93 Ala. 9, South. 375, 30 Am. St. Rep. 17.

Arthur L. Hardegree, of Ashland, for appellee.

None of the rulings of the trial court were injurious to appellant, and the judgment should be affirmed.

GARDNER, J. Appellant brought this suit against appellee for the recovery of damages for the cutting of certain timber by the defendant on lands claimed by plaintiff.

There were three counts in the complaint, the first of which sought recovery of the statutory penalty for the cutting of trees; the second being in trespass; and the third in trover. The jury returned a verdict in favor of the defendant, from which the plaintiff has prosecuted this appeal.

The plaintiff. owned the S. E. ¼ of the S. W. ¼ of section 16, township 20, range 9, in Clay county, and the defendant was the owner of the 40 acres adjoining this land on the north, being, of course the N. E. ¼ of the S. W. ¼ of said section. Plaintiff also owned the S. W. ¼ of the S. W. ¼ of said section, and the defendant also owned the 20 acres on the east side of the N. W. ¼ of the S. W. ¼ of this section; but reference to these lands appears in the record only for evidential purposes, relating to the correct boundary lines.

[1] The timber is alleged to have been cut on the S. E. ¼ of the S. W. ¼, and the real litigated issue between the parties concerned the true boundary line between this 40 acres and the 40 acres adjoining it on the north belonging to the defendant. The plaintiff purchased this land from one Mary A. Powell in May, 1920, and offered in evidence his deed thereto. The plaintiff then testified

210 ALA.—4

that immediately after the execution of this deed he, went in possession of the land conveyed, and also offered to show that prior to his taking possession Mary A. Powell, his grantor, was in possession, and had been for more than 30 years. The court sustained the defendant's objection to this evidence, and in this committed error. Such proof not only was for the purpose of establishing the prima facie title to the land in controversy, but likewise as tending to establish an element of adverse possession.

We find no assignment of error raising the question argued in brief of counsel relating to the ruling of the court in sustaining objections to questions asked the witness J., W. Wood.

[2] There was sharp conflict in the testimony concerning the true boundary line. The surveyor, Currie, was a witness favorable to the plaintiff, and one Horn, also a surveyor, testified favorably for the defendant, and his survey varied greatly from that of Currie. The field notes in evidence indicate that the 40 acres here in question, claimed by the plaintiff, were of normal size. The defendant, after the Horn survey, erected a wire fence across this land. One McCoy testified for defendant, and in support of the Horn survey. He owned 20 acres adjoining the defendant's 20 in the N. W. ¼ of the S. W. ¼ of this section. The evidence for the plaintiff tended to show that Horn in his survey did not start from the government corner, although there was such a corner established; and the plaintiff's evidence tended to show that Horn's survey was entirely incorrect. McCoy testified he had known this land for something like 28 years, that he was present when the Horn survey was made, and was acquainted with the line of the survey of witness Currie. He testified in regard to where the timber was cut, and was permitted by the court to testify that the Horn survey was nearer on the line claimed by him as to the 20 acres than the Currie survey. Plaintiff, on cross-examination, asked this witness: If the lines of these respective surveys remained as they are, would not the wire which defendant had stretched across the land take practically half of the 40 claimed by the defendant? The defendant's objection to this question was sustained.

We are of the opinion, that upon cross-examination, in view of the details testified to by this witness, this question should have been permitted as tending to impeach the Horn survey. As testing the knowledge of the witness, the plaintiff asked how many yards from the northeast corner of this 40 to the southeast corner thereof. The defendant's objection was sustained, and in this the court also committed error.

[3] One T. C. Smith was a witness for the defendant, and his testimony tended to show that none of the trees that were cut were on the plaintiff's land. In order to show inter-

est or bias, the plaintiff asked the witness on cross-examination if judgment had not been rendered against him for cutting some timber on that side of the boundary line, and also if the witness was not one of those who employed Mr. Horn to make the survey. The defendant's objections to these questions were sustained by the court. This was also error, as the plaintiff clearly had the right to show the interest or bias of the witness, and stated to the court that such was the purpose of the testimony. The evidence was in sharp conflict, and the affirmative charge was properly refused as to each count of the complaint.

[4] We are of the opinion that the substance of charges 4, 5, 6, and 7, refused to the plaintiff, were embraced in the oral charge of the court.

[5] Charge 8 was properly refused, as it permits a recovery for the statutory penalty without proof of knowledge and willful conduct on the part of the defendant himself. White v. Farris, 124 Ala. 461, 27 South. 259.

For the errors indicated, let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.