(105 So. 869)

## ALABAMA POWER CO. v. BODINE.
### (8 Div. 788.)

(Supreme Court of Alabama.    Oct. 22, 1925.)

1. **Master and servant ⬅️306—Master liable for willful act of servant; "respondeat superior."**

Under doctrine of "respondeat superior," master is liable in damages for torts of servant committed while acting within scope of employment, whether through negligence or wanton or willful act of servant.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Respondeat Superior.]

2. **Trespass ⬅️63—Statutory penalty aimed at wrongdoer, and not against employer.**

Penalty of Code 1923, § 10371, for cutting trees without consent of owner, is without reference to actual injuries, and is aimed at intentional wrongdoer, not one whose relation is that of employer merely and liable as such for actual damages.

3. **Trespass ⬅️67—Refusal of affirmative charge relieving employer from penalty for cutting trees by employees held error.**

In action for statutory penalty and actual damages for cutting trees, not authorized under grant of right of way to power company, where cutting was done by persons employed by power company, held, that refusal of affirmative charge to power company on count embracing statutory penalty was error.

4. **Master and servant ⬅️301(1)—Corporation may be servant.**

Relation of master and servant may exist between corporations as between individuals.

5. **Master and servant ⬅️318(1)—Affirmative charge for employer on count of trespass on theory of original contractor held properly refused.**

In action against power company for cutting trees, not authorized under grant of right of way, where actual cutting was done by another corporation under contract with power company, and power company exercised authority to designate class of trees to be cut, held, affirmative charge on count in trespass on theory of original contractor was properly refused.

6. **Discovery ⬅️79—Answers to interrogatories under statute must be offered as a whole.**

Answers to interrogatories propounded under Code, § 7764 et seq., are in nature of discovery at law, and examining party only has option to offer them in evidence, and, if he so elects, he must offer the whole, and cannot select answers suited to his purpose.

7. **Appeal and error ⬅️920(1)—Error in permitting supplementary answers to interrogatories under statute without offering of original will not be presumed, where record is silent thereto.**

Where record does not contain original answer to interrogatories under statute, and Supreme Court is not advised why trial court permitted introduction of supplementary answers without offering original, error will not be presumed.

8. **Evidence ⬅️474(10)—Witness having measured logs held entitled to give opinion as to whether trees endangered power line.**

Witness shown to have counted and measured trees and their distance from right of way after they had been cut held qualified to testify as to whether given tree falling toward power transmission line would have reached it, and from such examination to give his judgment as to proportionate number of trees cut off right of way which could not endanger line.

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**9. Evidence ☞483(1) — Witness may testify that tree is merchantable without being shown to be expert.**

Witness need not be shown to be an expert, before giving his judgment that tree inspected by him was merchantable, as his knowledge on the subject may be tested by cross-examination.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action by Tempie J. Bodine against the Alabama Power Company and the Dixie Construction Company. From a judgment for plaintiff against the Alabama Power Company, that defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6 (Code 1923, § 7326). Reversed and remanded.

Martin, Thompson, Foster & Turner, of Birmingham, and Street, Bradford & Street, of Guntersville, for appellant.

Defendant was entitled to the affirmative charge as to count 1. Williams v. Hendricks, 115 Ala. 277, 22 So. 439, 41 L. R. A. 650, 67 Am. St. Rep. 32; 38 Cyc. 1001. A question calling for the mere conclusion of the witness is objectionable. 5 Enc. of Evi. 526; 22 C. J. 498; A. G. S. v. Flinn, 199 Ala. 177, 74 So. 246. Answers to supplemental interrogatories should not be admitted, without the answers to original interrogatories. Sou. Ry. v. Hubbard, 116 Ala. 387, 22 So. 541; Birmingham Co. v. Oden, 164 Ala. 1, 51 So. 240; Birmingham Co. v. Lavender, 158 Ala. 434, 47 So. 1026. Defendant was due the affirmative charge as to the second count. Massey v. Oates, 143 Ala. 248, 39 So. 142; Harris v. McNamara, 97 Ala. 181, 12 So. 103; Mayor v. McCary, 84 Ala. 469, 4 So. 630.

John A. Lusk, of Guntersville, for appellee.

There was no error in admission of answers to interrogatories. Sou. Ry. v. Hubbard, 116 Ala. 387, 22 So. 541. Plaintiff was entitled to the affirmative charge on the first count. Sou. Bell Tel. Co. v. Francis, 109 Ala. 231, 19 So. 1, 31 L. R. A. 193, 55 Am. St. Rep. 930; Farrow v. N. C. & St. L., 109 Ala. 448, 20 So. 303. Demurrers to replications were properly overruled. Whitewater Lbr. Co. v. Prather, 211 Ala. 361, 100 So. 549.

BOULDIN, J. Count 1 of the complaint is to recover the statutory penalty for cutting trees "willfully and knowingly, without the consent of the owner." Code, § 10371. Count 2 is in trespass, claiming damages for cutting the timber.

Plaintiff conveyed to Alabama Power Company a right of way 100 feet in width across her lands for the construction and maintenance of a high-voltage electric transmission line. The right of way deed carried "the right to cut and keep clear all trees and undergrowth and other obstruction on said strip and danger trees adjacent thereto where necessary."

The trees complained of were cut outside of and adjacent to the right of way. Whether they were "danger trees" within the meaning of the conveyance, and, if not, whether they were cut "willfully and knowingly" under the statute, were the chief issues of fact presented in the evidence.

The Alabama Power Company gave an order to Dixie Construction Company, a corporation, to construct 19 miles 22 KV line to serve the towns of Guntersville, Albertville, and Boaz "in accordance with and upon the terms and conditions of that certain contract between this company and your company, dated January 20, 1919, at an estimated cost of $47,800." This order was accepted.

It appears the line was constructed by and under direction of Mr. A. E. Boazman, general foreman of Dixie Construction Company. He got his authority from the superintendent of his company, who gave general orders for the clearing of the right of way, did not specify any special trees to cut, but directed the cutting of any "danger timber or any timber dangerous to the operation of the line." The actual cutting of the timber was by direction of Mr. S. B. Cowden, crew foreman, acting under like general orders to cut "danger trees" on lands adjacent to the right of way.

It further appears from answers of Alabama Power Company to interrogatories propounded under the statute that Dixie Construction Company had general instructions to "cut all trees or saplings outside the 100-foot strip that would injure or endanger, by shading, falling, or otherwise, the transmission lines and telephone lines" being constructed. Pay for this service was included in the contract price. It further appears that no managing officer of Alabama Power Company had any personal direction of the selection and cutting of the trees complained of, and that no knowledge of the cutting of such trees was obtained until notice of a claim therefor was given on behalf of plaintiff.

The major question for decision is whether appellant, Alabama Power Company, was entitled to the affirmative charge on count 1, claiming the statutory penalty, upon which the verdict was rendered.

[1] As early as 1881 the rule was declared, and is now firmly established, that, under the doctrine of respondeat superior, the master is liable in damages for the torts of the servant committed while acting within the line and scope of his employment, whether through negligence or the wanton or willful act of the servant. Gilliam v. S. & N. A. R. R. Co., 70 Ala. 268.

In Postal Telegraph Co. v. Brantley, 107 Ala. 683, 18 So. 321, and Postal Telegraph

Co. v. Lenoir, 107 Ala. 640, 18 So. 266, this rule was declared applicable in actions for the statutory penalties for cutting trees.

But in Williams v. Hendricks, 115 Ala. 277, 22 So. 439, 41 L. R. A. 650, 67 Am. St. Rep. 32, after a review of the authorities in this and other states, the rule declared in the Brantley Case, supra, was departed from, and the rule declared that, the statute being highly penal, its penalties are directed to him who commits the forbidden act himself, or causes another to do it by his command or authority. He must be accessory to the act as under penal statutes generally. In cases of master and servant, the master may in person direct the cutting, or he may give instructions to cut specific trees, or to cut trees of a class known to him to be outside his grant or license, or within a zone he knows he has not the right to enter, or he may knowingly acquiesce in such cutting. In all such cases he may be a participant in a cutting "willfully and knowingly" within the statute. But, if the servant is directed to cut trees of a class coming within the master's easement and in the selection of the trees to be cut the servant negligently or willfully goes outside his instructions, without the knowledge of the master, the master becomes liable by appropriate action for common-law damages, but not for the statutory penalty.

[2] The penalty of the statute is without reference to actual injury, the same for a mere sapling as for a valuable tree. It is preventive; aimed at the intentional wrongdoer, not one whose relation is that of employer merely, and liable, as such, for actual damages under the doctrine of respondeat superior. This rule is now firmly established in our jurisprudence. Rudolph v. Holmes, 201 Ala. 461, 78 So. 839; Evans Bros. Cons. Co. v. Steiner Bros., 208 Ala. 306, 94 So. 361; McConnell v. Free, 206 Ala. 83, 89 So. 170; Ford v. Bradford, 210 Ala. 48, 97 So. 55; Jones v. Myrick Lbr. Co., 191 Ala. 448, 67 So. 672.

The evidence fails to establish or afford ground for any reasonable inference that the Alabama Power Company "willfully and knowingly" cut or caused to be cut trees not authorized under its grant. The instructions given to Dixie Construction Company were within its rights. The telephone line, used as an auxiliary equipment in the maintenance and operation of the transmission line, was entitled to the same protection as part of the plant.

[3] There was error in the refusal of the affirmative charge for appellant on count 1.

Appellant insists it was entitled to the affirmative charge on the whole case, on the theory that Dixie Construction Company was an original contractor, for whose torts appellant is not responsible.

[4] In this view we do not concur. The record shows the work was to be done pursuant to the terms of a standing contract made in 1919. This contract is not in evidence. As above noted, the evidence discloses the Alabama Power Company exercised the authority to give instructions or orders touching the class of trees to be cut. Giving orders is the roll of the master. The relation of master and servant may exist between corporations as between individuals.

Evidence tending to indicate a reserved control or direction of the work negatives the idea of an independent, original contractor, having full control and responsible for the completed work according to contract. Whatever be the relations between the Alabama Power Company and Dixie Construction Company inter sese, and toward the employees of each, if an element of agency enters touching matters affecting the rights of third persons, the principal becomes liable for acts done within the scope of the agency or employment.

[5] Whether, on this theory, the evidence makes a case for the jury on a count in trespass is not presented in argument. We limit our decision to the questions presented, and hold there was no error in refusing the affirmative charge on the count in trespass on the theory of original contractor.

Whether the right of action, if any, is in trespass or in case may become important in the future conduct of the case. We refer to it now that our holding be not misunderstood. See Southern Bell Tel. Co. v. Francis, 109 Ala. 231, 19 So. 1, 31 L. R. A. 193, 55 Am. St. Rep. 930.

The above statement of the principles of law will suffice to illustrate that the court erred in overruling the demurrer to replications 1 and 2 to plea D as addressed to count 1 of the complaint. Plea D, sustained as against demurrer, proceeds upon the theory that the employees cutting the trees were sent upon the ground for the sole purpose of cutting "danger trees" within the terms of appellant's easement, and that, having no authority or direction to cut trees not within that class, their action in "willfully and knowingly" cutting trees which did not endanger the line, if they did so, would not subject appellant to the statutory penalty. Replications merely answering that the trees complained of were not "danger trees" were not good. The issues in the cause were all covered by the plea of the general issue.

[6, 7] Answers to interrogatories propounded to a party under Code, § 7764 et seq., are in the nature of a discovery at law. The examining party only has the option to offer them in evidence. If he so elect, he must offer the whole, and cannot select the answers or parts of answers suited to his purpose. Nor can he accomplish the same purpose by filing "additional and supplemental" interrogatories and offering the answers to these alone. The entire examination should be regarded as one; and, if the original an-

swers are responsive, pertinent to issues on the trial, properly verified and filed, and have not been stricken, they should be offered with the answers to supplemental interrogatories. Southern Ry. Co. v. Hubbard, 116 Ala. 387, 22 So. 541; Birmingham Co. v. Lavender, 158 Ala. 434, 47 So. 1026; Birmingham Co. v. Oden, 164 Ala. 1, 51 So. 240. In this cause, however, the original interrogatories and answers are not in the record. We are not advised of the ground upon which the court permitted the supplemental answers to be introduced without offering the original. Error will not be presumed, and we cannot see from the record that injury resulted to appellant.

[8] A witness shown to have gone on the ground, counted, and measured the size and length of the down trees, and their distances from the right of way, may give his judgment as to whether a given tree, falling directly toward the transmission line, would have reached it, and, from such examination, give his judgment as to the proportionate number of trees cut off the right of way which would not reach the line.

[9] A witness need not be shown to be an expert before giving his judgment that a tree inspected by him was "merchantable." His knowledge on the subject may be tested by cross-examination.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.